OLIVE A. DILLEBER, Respondent, *v.* HOME LIFE INSURANCE COMPANY, Appellant.

In framing hypothetical questions to be put to expert witnesses, counsel are not confined to facts admitted or absolutely proved, but facts may be assumed when there is any evidence tending to establish them, which are pertinent to the theory they are attempting to uphold.

Upon cross-examination of an expert, for the purpose of testing his skill and accuracy, counsel in putting hypothetical questions may assume any facts pertinent to the inquiry, whether testified to by witnesses or not; subject, however, to some extent, to the control of the trial court.

(Argued October 21, 1881; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made at the May Term, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was upon a policy of insurance issued by defendant upon the life of Thomas H. Dilleber, plaintiff's husband.

It is reported upon a former appeal, in 69 N. Y. 256.

The policy was issued August 17, 1867. The insured died of consumption in September, 1871. Plaintiff and the insured answered "no" to questions in the application for the policy as to whether he had ever had the diseases of "bronchitis, consumption, or spitting of blood," or so far as he knew, any symptoms of such diseases, or whether he ever had disease of any vital organ, and whether he had ever had any habitual cough. The action was defended on the ground of breach of warranty, and fraud in the representations contained in the application.

The further facts pertinent to the questions discussed are stated in the opinion.

*Samuel Hand* for appellant. A party may put to an expert witness any hypothesis, relevant and material, and which the counsel may assume to exist, if within the possible range of the evidence. (*Cowley* v. *People*, 83 N. Y. 464, 470; *Guitenan* v. *Liverpool Steamship Co.*, 83 id. 358, 365, 470; *Harnett* v. *Garvey*, 66 id. 641.)

*John E. Develin* for respondent. The court properly excluded hypothetical questions which assumed facts of which there was no proof. (Wharton's Law of Ev., § 452.)

Earl, J. When this action was before us on the former appeal (69 N. Y. 256), we determined the main questions of law involved, and the last trial, which is now before us for review, was, so far as we can perceive, conducted in accordance with those principles. But exceptions were taken upon the last trial which were not before under consideration, and we are of opinion that they point out errors which require the reversal of the judgment appealed from.

There was evidence on the part of the plaintiff tending to show that until about the year 1870, Thomas H. Dilleber, the assured, was in good health, and that the consumption of which he died in September, 1871, first manifested itself in the previous year. There was evidence on the part of the defendant tending to show that from the year 1858 the deceased was frequently, if not most of the time, afflicted with a cough; that in August, 1866, at Binghamton, he had a severe attack of bleeding from the lungs, from which he was confined to his room several days, during which time he was attended by a physician; that he was quite sick in June and July, 1877, at Niagara Falls, coughing severely and looking ghastly, and that he was then attended by a physician, and that in September, 1867, at Niagara Falls, he was again sick, had an attack of coughing and bleeding, accompanied with much prostration, and that he was again attended by a physician. The insurance was effected at Chicago, intermediate the two attacks at Niagara Falls, on the 17th of August, 1867. In the proof of death by the plaintiff and in the affidavit of the attending physician

forming part of such proof, it was stated that the disease of which the assured died, first manifested itself in September, 1868. Upon the trial plaintiff called two medical experts, who gave evidence mainly in answer to hypothetical questions, tending to show that the facts proved in reference to the health of the assured, prior to 1870, did not necessarily show that he had any disease of the lungs or any symptom of such disease. On the part of the defendant medical experts were also sworn as witnesses, who gave evidence tending to show that the facts proved in relation to the health of the insured did establish that his lungs were diseased, and that he had the symptoms of consumption at and prior to the date of the insurance.

On the cross-examination of one of plaintiff's medical experts, after he had testified on his direct examination that certain facts to which his attention was called by plaintiff's counsel did not necessarily indicate any disease of the lungs; and after he had just answered in reply to a question put by defendant's counsel, that the cough with which the insured had been afflicted prior to August, 1866, followed by the bleeding from the lungs at Binghamton in that month, did not change his opinion as to the condition of the lungs of the insured, he was asked the following question by defendant's counsel: "And add to this prior cough, as I have stated it to you, the bleeding at Binghamton, bleeding from the lungs, in September, 1867, and then state from the connection whether it would change your opinion as to the occurrence in August being an indication or symptom of a disease of the lungs?" This was objected to on the part of the plaintiff's counsel, "so far as it includes the bleeding in September, 1867," and the court sustained the objection, and defendant's counsel excepted. The bleeding in August was undisputed, and the question mainly litigated upon the expert evidence was whether that bleeding indicated a disease of the lungs, or was a symptom of such disease. There was proof tending to show that in the winter or spring of 1867, the insured had a bad cough, was sleepless and had no appetite; that in June and July, 1867, he was quite sick at Niagara Falls, coughing and looking ghastly, and that in September, he

had a violent attack of bleeding and coughing at Niagara Falls. This last attack was not undisputed, but was testified to by a disinterested witness who could not be mistaken. Under such circumstances, it was certainly competent to include in the hypothesis placed before the witness, the bleeding in September, with the view of ascertaining from him how far that fact would modify the opinion he had expressed as to the bleeding in August of the prior year. He might have supposed that the isolated bleeding in August, 1866, did not necessarily indicate any disease of the lungs, and yet when followed by bleeding again about a year after, he might have testified less confidently as to the prior bleeding, or might have testified that it did indicate disease at that time.

Upon the examination of one of defendant's medical experts the following question was put to him and answer given: " After an attack of hemorrhage, such as has been described to you (being the hemorrhage at Binghamton in 1866), may the party be so far recovered as to appear perfectly well? A. I should say he might; " and then the following question was put to him by defendant's counsel: " Where these occurrences to which you have listened were in the early winter of 1866, for the cough, and the spitting of blood in August, 1866, and illness in June and July, 1867, and illness with a cough and a spitting of blood on the 1st of September, 1867, *phthisis pulmonalis* manifested in September, 1868, and the patient dies in 1871 with *phthisis pulmonalis* ? " This was objected to by plaintiff's counsel and the objection sustained, on the ground " that the hypothesis is not sustained by the evidence " — the court saying that he thought the manifestation not supported by the evidence, and the defendant's counsel excepted. There certainly was evidence, although not undisputed, tending to establish every fact contained in the hypothesis.

To another of defendant's medical experts, the following question was put by its counsel: " Take these symptoms of the hemorrhages detailed to you (the hemorrhages at Binghamton in August, 1866, and at Niagara Falls in September, 1867), in connection with the fact that subsequently, about a year and a

half or two years afterward, consumption is manifested, and in a year and a half more the patient died of *phthisis pulmonalis*, state whether in your opinion the cough and the hemorrhage detailed had any, and what, connection with the manifested disease and death ?" The counsel for the plaintiff objected to this on the ground " that the hypothesis does not state the facts." The court sustained the objection and the defendant's counsel excepted.

These questions seem to have been excluded upon the ground that the facts assumed were not positively proven, not upon the ground that there was no proof tending to establish such facts, or that the facts did not bear upon the questions litigated; and the learned counsel for the plaintiff, as we understand him, seeks, in his argument before us, to sustain the rulings of the trial judge upon the same grounds.

Counsel, in framing hypothetical questions to be put to expert witnesses, are not confined to facts admitted or absolutely proved, but facts may be assumed which there is any evidence on either side tending to establish, and which are pertinent to the theories which they are attempting to uphold. In the direct examination of their own witnesses it would tend to confusion if facts were assumed in hypothetical questions which did not bear upon the matters under inquiry, or which were not fairly within the scope of any of the evidence. Upon the cross-examination of an expert, counsel may not be so narrowly confined, but may, in putting hypothetical questions, assume any facts pertinent to the inquiry, whether testified to by witnesses or not, with the view of testing the skill and accuracy of the expert; but such cross-examination must, to some extent, be under the control of the trial court. In the hypothetical questions excluded on the trial of this case no fact was inserted which was not pertinent to the inquiry and based on some evidence in the case, and hence the questions were improperly excluded. (*Reynolds* v. *Robinson*, 64 N. Y. 589; *Cowley* v. *People*, 83 id. 464.)

As under the statutes and the decisions of this court, the evidence of the attending physicians as to the health of the

assured cannot be had, it is quite important that a fair range should be given to counsel in this class of cases in the examination of medical experts.

For the errors above alluded to the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.