Lafayette Cole, Respondent, *v.* The Fall Brook Coal Company, Appellant.

1. Trial — Correction by Court of Improper Statement of Counsel to Jury. The question as to the power of the trial court to correct the effect of an improper statement of counsel to the jury is controlled by the same principle that is applicable when improper evidence is received and the court directs the jury to disregard it.

2. Elimination of Error Committed by Improper Statement of Counsel. The trial court has power to correct and eliminate an error committed by an improper statement of counsel to the jury, such as a statement of the result of a former trial; and such elimination is effected by an explicit charge on the subject, instructing the jury to disregard the improper statement, and explaining fully why it should not be considered.

3. Expert Evidence as to Symptoms Following Personal Injury. The evidence of a properly qualified medical witness, describing the symptoms which would necessarily and ordinarily follow an injury of which the witness has personal knowledge is admissible in an action for damages for the injury, when tending to show that the plaintiff's condition was such as to indicate that it was occasioned by his injury.

4. Hypothetical Question. A hypothetical question need not include all the facts in evidence; and it is good as against the objection that it does not correctly state the facts, if the proof justifies the assumption of the facts assumed by the question.

5. Power to Compel Physical Examination of Plaintiff. Prior to the amendment of 1894 to section 873 of the Code of Civil Procedure, the Supreme Court had no power to compel a plaintiff, either in advance of or during a trial, to submit to an examination of his person by surgeons, with a view to enable them to testify upon the trial as to the extent of his injuries.

6. Waiver of Privacy of Person.   The introduction by the plaintiff, upon the trial of an action for personal injuries, of the testimony of expert witnesses who had examined him, as to his condition at the time of such examination, does not constitute a waiver by him of the privacy of his person, or affect the inability of the court to compel his physical examination in the absence of statutory authorization.

7. Reversal not Called for, with View to Physical Examination under Present Statute on New Trial.   A judgment recovered by the plaintiff in an action for personal injuries upon a trial had before the amendment of 1894 to section 873 of the Code of Civil Procedure, is not to be reversed merely for the reason that upon a subsequent trial the defendant might have physicians examine the plaintiff under the statute as it now stands.

8. Discretionary Ruling as to Testing Plaintiff's Testimony. The refusal of the trial court to require the plaintiff, in an action for personal injuries, to step upon a model which the defendant claims would demonstrate that his testimony as to how the accident occurred was incorrect, is discretionary, and cannot be reviewed by the Court of Appeals.

*Cole* v. *Fall Brook Coal Co.*, 87 Hun, 584, affirmed.

(Argued March 24, 1899; decided April 18  1899.)

Appeal from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered August 14, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of defendant when in its employ as a brakeman upon a railroad operated by it.

The facts, so far as material, are stated in the opinion.

*Gabriel L. Smith* and *Daniel Beach* for appellant.   The statement made by the plaintiff's counsel in summing up to the jury, that the former verdict was for $8,000, was error. (*Wersebe* v. *B. & S. A. R. Co.*, 1 Misc. Rep. 472; Sedg. on Dam. [8th ed.] § 388; *Coleman* v. *People*, 58 N. Y. 555; *Chesebrough* v. *Conover*, 50 N. Y. S. R. 450; *Austin* v. *People*, 102 Ill. 261; *Wilson* v. *U. S.*, 47 Alb. L. J. 474; *Comm. v. Scott*, 123 Mass. 239.)   The so-called hypothetical questions

to his physicians and surgeons, put by plaintiff's counsel, and the evidence given in answers thereto, should have been excluded. (*Mayor, etc.,* v. *Pentz,* 24 Wend. 668; *Hunt* v. *L. G. L. Co.,* 90 Mass. 169; *Ferguson* v. *Hubbell,* 97 N. Y. 513; *Page* v. *Mayor, etc.,* 57 Hun, 124; *Van Wycklen* v. *City of Brooklyn,* 118 N. Y. 430; *Harley* v. *B. C. M. Co.,* 142 N. Y. 31; *Flanagan* v. *N. Y., L. E. & W. R. Co.,* 83 Hun, 522.) The refusal of the court to direct the plaintiff to submit to a physical examination, or to strike out the evidence of his surgeons unless he submitted himself to such examination, was error. (Code Civ. Pro. § 870; Baylies on New Trials, 524, 525; *Winner* v. *Lathrop,* 67 Hun, 511; *Graves* v. *City of Battle Creek,* 47 Alb. L. J. 363.)

*Charles Marvin* for respondent. The facts claimed by plaintiff to be established constitute a good cause of action. (*Plank* v. *N. Y. C. & H. R. R. R. Co.,* 60 N. Y. 607; 7 Am. & Eng. Ency. of Law [2d ed.], art. "Car Coupling," 1048, 1052, 1073.) Plaintiff is not chargeable with the consequences of the negligence of defendant's car inspectors, as co-servants, the defect being in its appliances. (*Fuller* v. *Jewett,* 80 N. Y. 46; *Kain* v. *Smith,* 25 Hun, 146; 89 N. Y. 376.) The statement made to the jury by plaintiff's counsel in summing up, of the amount of a verdict given on a former trial, is not ground for reversal here. (*Chesebrough* v. *Conover,* 140 N. Y. 382; *Gall* v. *Gall,* 114 N. Y. 109; *Holmes* v. *Moffat,* 120 N. Y. 159; *Stouter* v. *M. C. Co.,* 127 N. Y. 661; *Blashfield* v. *Tel. Co.,* 147 N. Y. 520; *People* v. *Schooley,* 149 N. Y. 99; *Bogart* v. *D., L. & W. R. R. Co.,* 72 Hun, 412; 145 N. Y. 283; *Van Ingen* v. *M. & E. P. Co.,* 156 N. Y. 376; 11 Ency. Pl. & Pr. art. "Instructions," 307.) An exception to the remark was necessary. (2 Ency. Pl. & Pr. art. "Argument of Counsel," 751; *Ackerman* v. *T. A. R. R. Co.,* 148 N. Y. 749; 76 Hun, 484.) The testimony of expert physicians in plaintiff's behalf was admissible. (*Griswold* v. *N. Y. C. & H. R. R. R. Co.,* 115 N. Y. 61; *Turner* v. *City of Newburgh,* 109 N. Y. 301; *Filer* v. *N. Y. C.*

*R. R. Co.*, 49 N. Y. 42; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 459; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 87; *Stouter* v. *M. R. Co.*, 127 N. Y. 661; *Mattison* v. *N. Y. C. R. R. Co.*, 35 N. Y. 487; *Keane* v. *Vil. of Waterford*, 130 N. Y. 188; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Kumberger* v. *C. S. Co.*, 158 N. Y. 339.) At the time of the trial, prior to the amendment of section 873 of the Code of Civil Procedure, the court had no power to order plaintiff to submit the pelvic region of his body to examination of physicians named by defendant, although he had submitted to examination by physicians of his own selection for the purpose of making them witnesses in his behalf. (*McQuigan* v. *D., L. & W. R. R. Co.*, 129 N. Y. 50; *U. P. R. R. Co.* v. *Bottsford*, 141 U. S. 250; *Lyon* v. *M. R. Co.*, 142 N. Y. 298; *Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 274; *Hope* v. *T. & L. R. R. Co.*, 40 Hun, 438; 110 N. Y. 643.) The verdict should not be reversed as contrary to the weight of evidence. (*Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Aldridge* v. *Aldridge*, 120 N. Y. 614; *Cook* v. *N. Y. E. R. R. Co.*, 144 N. Y. 115; *Foster* v. *Bookwalter*, 152 N. Y. 166; *Stokes* v. *Stokes*, 155 N. Y. 590; *Ferguson* v. *Gill*, 74 Hun, 566; *Keane* v. *Vil. of Waterford*, 130 N. Y. 188; *Sheridan* v. *B. C. & N. R. R. Co.*, 36 N. Y. 39; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Keller* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Dec. 480; *Cole* v. *F. B. C. Co.*, 10 N. Y. Supp. 417; 87 Hun, 584; *Felska* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 342.) Those of defendant's witnesses, whose duty it was to report the defective car, are interested. (*Wohlfahrt* v. *Beckert*, 92 N. Y. 490; *Sipple* v. *State*, 99 N. Y. 284; *Elwood* v. *W. U. Tel. Co.*, 45 N. Y. 549; *Volkmer* v. *M. R. Co.*, 134 N. Y. 418.) The inference the jury drew from the evidence is not surmise. (*Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Fredenburg* v. *N. C. R. Co.*, 114 N. Y. 582; *Bailey* v. *R., W. & O. R. R. Co.*, 139 N. Y. 302.) The jury could select from versions of all the witnesses. (*Becker* v. *Koch*, 104 N. Y. 404.) They might properly find for plaintiff on defendant's evidence, though contrary to plaintiff's evidence. (*Barker* v. *Paulson*, 116 N. Y. 660; *Allison*

v. *Vil. of Middletown*, 101 N. Y. 667; *Jones* v. *N. Y. C. &
H. R. R. R. Co.*, 10 Abb. [N. C.] 200.) The credibility of
witnesses is, especially and peculiarly, for the jury. (*People* v.
*Chapleau*, 121 N. Y. 266; *Hastings* v. *B. L. Ins. Co.*, 138 N. Y.
473; *Hudson* v. *R., W. & O. R. R. Co.*, 73 Hun, 467; *Becker*
v. *Koch*, 104 N. Y. 404; *Joy* v. *Diefendorf*, 130 N. Y. 6.)
The jury had the right to consider the fact that defendant's wit-
nesses were in its employ as bearing on their credibility. (*Joy*
v. *Diefendorf*, 130 N. Y. 6; *C. Nat. Bank* v. *Diefendorf*, 123
N. Y. 191; 28 Abb. [N. C.] 216; *Cushman* v. *U. S. L. Ins.
Co.*, 63 N. Y. 404; *Wall* v. *D., L. & W. R. R. Co.*, 54 Hun,
454; 125 N. Y. 727; *M. C. Works* v. *Schad*, 38 Hun, 71;
*Ferguson* v. *Gill*, 74 Hun, 566; *Betsinger* v. *Chapman*, 24
Hun, 15.) The evidence that "plaintiff seemed to be in very
much pain," and that he "was in good physical health and
able to do," etc., was admissible. (*McSwyny* v. *B. & S. A.
R. R. Co.*, 27 N. Y. S. R. 363; *Adams* v. *People*, 63 N. Y.
621.)

Martin, J. The first ground for reversal upon which the
appellant insists, relates to the action of the plaintiff's counsel
in summing up to the jury. This question arises, not upon
an exception taken upon the trial, but upon an appeal from
an order denying a motion for a new trial based upon the
improper action of the plaintiff's attorney.

An affidavit of the defendant's attorney, in which his coun-
sel also joined, was read on the motion and is to the effect
that in summing up the counsel for the plaintiff stated to the
jury that on the first trial of the action the verdict was for
the plaintiff for eight thousand dollars. It also appears from
the record that after the attention of the trial judge was called
to this statement and in his charge to the jury, he gave the
following instructions: "Again, in this connection, and in
view of further suggestions which have been made by counsel,
in view of the fact that this is the second time that this
important case has been tried, I say to you that you have
nothing whatever to do with the result of the former trial.

The fact has crept out here improperly that, upon the former trial, the plaintiff recovered a verdict, and the amount of that verdict has been stated to you; but the fact that the plaintiff recovered in a former trial of this action is no reason why he should recover in this action. The fact that he recovered a certain amount on the former trial has nothing to do with the amount he should recover upon this trial, if he recovers at all. You are aware, I take it, that the evidence which has been furnished on either side on this trial varies very materially from that which was furnished upon the former trial. Witnesses have been sworn here who were not sworn there; testimony has been given here which was not given then, and you are to dispose of this case upon the evidence which has been furnished here and upon that evidence alone, and not upon any evidence furnished on the former trial, save where that evidence has been read before you with a view of contradicting evidence which has been given here."

This portion of the charge discloses that the trial judge clearly instructed the jury to disregard the statement which had been made as to the former trial. Without resting simply upon a direction to disregard that statement, he explained to the jury very fully why it should not be considered. Thus it is clear that if the trial court had power to correct the error of counsel in making the statement complained of, it was done.

This court in *Chesebrough* v. *Conover* (140 N. Y. 382, 388) passed upon a question which is very similar to that under consideration. There, in the opening to the jury, the counsel for the plaintiff made the statement that upon a former trial of the action a verdict had been rendered for the plaintiff. The counsel for the defendant thereupon took an exception to the remark and asked the court to withdraw a juror, or to discharge the jury, so that another could be impaneled that had not heard the prejudicial statement. This was denied, and the defendant excepted. The trial then proceeded, and in the submission of the case to the jury the judge instructed it that it had nothing to do with the former trial of

the action, and that the case was to be decided in accordance with the evidence submitted to it on the pending trial, and with the rules of law laid down by the court. In that case, in passing upon the question raised by the defendant's exception, this court held that the motion to discharge the jury was one that rested in the discretion of the court, which could grant or refuse it, taking into consideration the circumstances surrounding the case. In discussing the question it said: " It must be assumed here that the jury obeyed the instructions of the judge in reference to that remark, and that it did not influence them in the rendition of their verdict. * * * The remark complained of comes under the head of misconduct of an attorney upon the trial of an action which is generally, if not uniformly, held to be matter to be dealt with in the court below, and as not presenting any legal error for the consideration of this court. It is also like the case where upon the trial of an action the trial judge erroneously receives objectionable and damaging evidence, which he subsequently strikes out and directs the jury to disregard. In such cases we have uniformly held that the vice is eliminated and that theoretically at least the erroneous evidence found no lodgment in the minds of the jury."

We have, in that case, not only an authority to the effect that the same principle applies to the question under consideration as applies to the improper reception of evidence which the court subsequently directs the jury to disregard, but also an authority to the effect that the defendant's motion was addressed to the discretion of the court below and, consequently, cannot be reviewed by this court.

Assuming, then, as we must, that this question is controlled by the same principle that is applicable where improper evidence is received and the court directs the jury to disregard it, we find that the authorities are numerous and fully justified the court below in holding that the error committed by the statement of the plaintiff's counsel was eliminated from the case by the explicit and extended charge of the trial judge upon that subject. (*Marks* v. *King*, 64 N. Y. 628; *Platner*

9

v. *Platner*, 78 N. Y. 90; *Gall* v. *Gall*, 114 N. Y. 109, 121; *Holmes* v. *Moffat*, 120 N. Y. 159; *Blashfield* v. *E. S. Tel. & Tel. Co.*, 147 N. Y. 520, 527; *People* v. *Schooley*, 149 N. Y. 99, 103.) This doctrine has been applied even in criminal cases. (*People* v. *Wilson*, 141 N. Y. 185, 191; *Greenfield* v. *People*, 85 N. Y. 75, 90.)

While the learned counsel for the defendant has presented a very exhaustive and ingenious argument and brief by which he seeks to distinguish the case at bar from those cited, yet we are unable to perceive any such distinction which is real or substantial, but are of the opinion that the principle of those cases is applicable to the question under consideration and requires a conclusion adverse to the contention of the defendant. It, therefore, follows that the order denying a new trial on that ground should be affirmed.

The next question submitted for consideration arises upon the claim of the appellant that several questions put to physicians and surgeons called as expert witnesses upon the trial, were improper, and the evidence elicited inadmissible. They were asked to describe the symptoms that would be apparent, and would ordinarily and necessarily accompany an injury such as that which the plaintiff sustained. The objection was that it was immaterial and incompetent. It was overruled, and the defendant excepted. This exception raises the question whether the evidence of a properly qualified medical witness, describing the symptoms which would necessarily and ordinarily follow an injury of which the witness had personal knowledge is admissible. Witnesses skilled in the science and practice of medicine may give their opinions as to the nature of the disease with which a person is afflicted, describe its particular symptoms, and explain its characteristics. (Rogers on Expert Testimony, § 50.) The opinions of experts as to the symptoms produced by poison by which a person is supposed to have died, are relevant. (*R.* v. *Palmer*, Printed Trial, p. 124; *People* v. *Robinson*, 2 Parker's Cr. R. 235; 7 Am. & Eng. Encyclo. of Law, p. 80.) In *People* v. *Lake* (12 N. Y. 362) it was, in effect, said that a medical witness upon

the issue of insanity might testify as to its symptoms. (See, also, *Lake* v.. *People*, 1 Parker's Cr. R. 559.) Opinions of medical witnesses are admissible as to the cause of disease, of death, the consequences of wounds and as to insanity. (*State* v. *Terrell*, 12 Rich. [S. C.] 321, 327.)

The witnesses in this case were experts, and their testimony as to the symptoms which would follow such an injury would naturally aid the jury in determining whether the conditions, testified to by the plaintiff, were the result of the injury he sustained. He was entitled to prove by medical experts who had examined him that the injury which he received was the cause of his condition, and that certain consequences would follow as indicated by it. (*McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459; *Stouter* v. *Manhattan R. Co.*, 127 N. Y. 661.) The proof of the symptoms which would follow such an injury merely tended to show that the plaintiff's condition was such as to indicate that it was occasioned by his injury. We think this evidence was admissible.

The plaintiff also put to expert witnesses called by him a hypothetical question, which was objected to by the defendant " as immaterial and incompetent; that it was not a hypothetical question; that it did not correctly state the measurements according to the evidence, nor the space to which the plaintiff was squeezed, and does not state correctly the locations of the pain; that it did not state correctly the evidence as to the passage of urine, and did not state correctly as to the pain following the evacuation of the bowels." The plaintiff's counsel then stated " that he would make the hypothetical question conform to any statement in it that was not in accordance with the evidence which the counsel or the court would point out." Thereupon the objection was overruled, the defendant's counsel excepted and the question was answered.

It is manifest that this evidence was material and competent, and that the question was a hypothetical one. Consequently, the only practical objection to this evidence is that the question did not correctly state the facts. This requires an examination of the record to determine whether the proof

justified the assumption of the facts assumed by the question. After having carefully examined the record in the light of the very helpful brief furnished by the respondent's counsel, which called our attention to the evidence which sustained each element assumed in the question, we find that it was sufficient to justify the question and that the court properly overruled the defendant's objection. The fact that the defendant's counsel specified no particular in which the assumed facts were not established by the proof, is also quite persuasive evidence that no such defect existed.

In framing a hypothetical question, counsel may base it upon the hypothesis of the truth of all the evidence, or upon a hypothesis especially framed on certain facts assumed to be proved for the purpose of the inquiry. The question is not improper, simply because it includes only a part of the facts in evidence. (*Stearns* v. *Field*, 90 N. Y. 640.) If framed upon the assumption of certain facts, counsel may assume the facts in accordance with his theory of them, it not being essential that he should state the facts as they actually exist, provided there is proof sustaining those upon which the question is based. (*Cowley* v. *People*, 83 N. Y. 464; *Dilleber* v. *Home Life Ins. Co.*, 87 N. Y. 79.) He may assume any state of facts which there is evidence to prove, and have the opinion of the expert upon the facts assumed. Testing the rulings in this case by that principle it is obvious that they present no error.

The appellant again challenges the validity of the judgment on the ground that the trial court refused to direct the plaintiff to submit to a physical examination, or in default of his doing so to strike out the evidence given by the expert witnesses called by him who had made such an examination. This motion was based upon the claim that the plaintiff had refused to consent to such an examination, and that by introducing testimony of witnesses who had examined him he had waived the privacy of his person. The court denied the motion and stated that it had no power to make such an order. To this ruling the defendant excepted.

In examining this exception, it is to be remembered that the trial in this case occurred about two years before the amendment to section 873 of the Code of Civil Procedure, which was adopted in 1894. Consequently the question is to be considered without reference to that statute. This question is not an open one in this court. Anterior to 1891 there had been a difference of views in the courts of this state in regard to it. The Supreme Court in some cases held that it had power to grant such an order, while in others it was held that it had not.

Finally, however, the case of *McQuigan* v. *D., L. & W. R. R. Co.* (129 N. Y. 50) reached this court, where it was decided that the Supreme Court, in the absence of a statute to that effect, had no power to compel a plaintiff to submit to an examination of his person by surgeons with a view to enable them to testify upon the trial as to the extent of his injuries. That case must be regarded as decisive of the question. We think the trial court properly denied the defendant's motion for such an examination. We find no substantial ground upon which to distinguish this from the *McQuigan* case. It is true that in that case the application for an examination was in advance of a trial, while in this it was upon the trial. We think the same principle should apply in either case.

Nor do we think the fact that witnesses who had examined the plaintiff were permitted to testify as to his condition at the time of such examination constituted a waiver by him or in any way affected the rule established in the *McQuigan* case.

The appellant's claim that we should reverse this judgment and grant a new trial, so that upon a subsequent trial it might have physicians examine the plaintiff under the statute as it now stands, does not meet with our approval.

The only remaining point which need be considered rests upon the refusal of the trial court to compel the plaintiff to step upon a model which the defendant had in court which would, as it claims, have demonstrated to the jury that his testimony as to how the accident occurred was incorrect. The

counsel for the defendant asked the court to require the plaintiff to step upon the model. The plaintiff's counsel objected and the objection was sustained. Even if we assume that the court had authority to require the plaintiff to do so, it was at most discretionary whether it would require it, and its refusal presents no question which we can review. Having thus examined practically all the questions raised by the defendant's exceptions and having found no error, it follows that the judgment should be affirmed

The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed.