## MOORE v. REINHARDT.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

DISCOVERY (§ 78*)—PHYSICAL EXAMINATION OF DEFENDANT.

    Where the examination of defendant before trial before a referee was adjourned without date on the affidavit of a physician that defendant was not in condition to appear, an order directing that a physician be appointed to examine defendant as to his physical condition and that he report to the court was unwarranted, though, had a motion been made to punish defendant for contempt for his failure to attend for examination, the court, if it did not accept the physician's affidavit as conclusive, might well have requested that defendant voluntarily submit to an examination, that it might be advised by a disinterested witness of defendant's condition, and the refusal of defendant to so submit might well convince the court of bad faith, and warrant imposing punishment for contempt.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 92, 93; Dec. Dig. § 78.*]

Appeal from Special Term, New York County.

Action by Phil H. Moore against J. Thomas Reinhardt. From an order directing a physical examination of defendant, he appeals. Reversed.

See, also, 132 App. Div. 707, 117 N. Y. Supp. 534.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Romeyn Berry, for appellant.
Walter B. Raymond, for respondent.

DOWLING, J.   Plaintiff having obtained, on January 11, 1909, an order for the examination at Special Term of the defendant before trial, which was thereafter, on March 9, 1909, modified by directing that the examination should proceed before a referee, a stipulation was entered into between the attorneys on March 22, 1909, adjourning the same without date, and providing that it might be brought on by either party on three days' written notice.   On December 15th defendant gave notice that he would proceed with the examination on December 22d.   Meantime, it is claimed, he was suffering from la grippe and neurasthenia, and his condition became such that when the time for his examination approached his attorneys notified plaintiff's attorneys of his inability to attend and of their intention to apply for an adjournment.   The referee, upon the presentation of a physician's affidavit as to defendant's physical condition, adjourned the examination without date, and plaintiff thereupon obtained at Special Term the order, from which this appeal is taken, which directed that a physician be appointed to examine the physical condition of the defendant "and report thereon on or before the 12th day of January, 1910, to the court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as to the physical ability of the defendant to be present at an examination before trial" before the referee, and which further fixed the time and place of the physical examination and the date of the next hearing before the referee.

Concededly there is no statutory warrant for this order. But it is claimed that is an exercise of the inherent power of the court and can be sustained for that reason. There is not, however, a single case to be found in which such a power to compel the physical examination of a litigant has been sustained. In England the courts have expressly denied their power, under the common law, to order an examination of documents or of premises, and have never ordered a physical examination, save under the writ "de ventre inspiciendo" and in actions for annulment of marriage on the ground of impotence. In both cases the power was exercised on the ground of public interests being involved. But, as the court said in McQuigan v. Delaware, Lackawanna & Western Railroad Company, 129 N. Y. 55, 29 N. E. 236, 14 L. R. A. 466, 26 Am. St. Rep. 507:

"It is very clear that the power [i. e., to order an examination of the person of a litigant] is not a part of the recognized and customary jurisdiction of the courts of law or equity. The doctrine that courts have an inherent jurisdiction to mold the proceedings to meet new conditions and exigencies is true, but in a limited sense. They cannot, under cover of procedure or to accomplish justice in a particular case, invade recognized rights of person or property. * * * Nor is it, we conceive, within the power of the court to create remedies unknown to the common law, or institute a procedure not according to the course of the common law."

This case was followed in Cole v. Fall Brook Coal Co., 159 N. Y. 69, 53 N. E. 670.

Had a motion been made to punish defendant for contempt for his failure to attend for examination, the court, if it did not accept the physician's affidavit as conclusive, might well have requested that defendant voluntarily submit to a physical examination, that it might be advised by a disinterested witness of defendant's real condition, and the refusal of the defendant to submit to such an inspection might well convince the court of the bad faith of the plea, and warrant it in imposing punishment for contempt. But the present order, being one for a compulsory examination, cannot be sustained on any ground.

Order reversed, with costs, and application for physical examination of defendant denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.