### PIERPOINT v. FIFTH AVE. COACH CO.

(Supreme Court, Appellate Division, Second Department. May 17, 1912.)

1. EVIDENCE (§ 471*)—OPINION EVIDENCE—COMPETENCY—PERSONAL INJURIES.

 The plaintiff in a personal injury action may testify that prior to the accident he never had pains in his heart, shortness of breath, or such troubles with which he suffered after the accident; this testimony not being objectionable as a conclusion of the witness.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149-2185; Dec. Dig. § 471.*]

2. EVIDENCE (§ 553*)—OPINION EVIDENCE—EXPERTS—HYPOTHETICAL QUESTIONS.

 In a personal injury action, a hypothetical question to a medical expert who testified that plaintiff's heart was injured is not erroneous in failing to include the fact that a physician's examination two hours after the accident disclosed that plaintiff then had an enlarged heart.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369-2374; Dec. Dig. § 553.*]

Appeal from Trial Term, Queens County.

Action by Francis Pierpoint, an infant, by Jesse Pierpoint, his guardian ad litem, against the Fifth Avenue Coach Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Theodore H. Lord, of New York City, for appellant.

George F. Hickey (M. P. O'Connor, of New York City, on the brief), for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff in an action to recover damages for personal injuries alleged to have been sustained through defendant's negligence, and from an order denying a motion for a new trial, made on the minutes. The injuries were in consequence of plaintiff being run into by a seven-ton motor omnibus owned and operated by the defendant. Upon the trial it was established that the plaintiff was then suffering from chronic heart disease, and the sole question litigated was whether or not such affection of the heart was due to and the result of the accident.

[1] The main contention of the appellant is that the court erred in permitting the plaintiff to testify, over its objection, that prior to the accident he had never had pains in his heart, shortness of breath, or similar conditions which he suffered from after the accident, and it is argued that such questions called for the mere conclusion of the witness. I think not. They are facts as to the presence of which the plaintiff was competent to testify. Counsel for defendant concedes that it is competent for a witness to testify as to whether he had a headache, toothache, or backache. There can be no distinction, as to the competency of the evidence, between pains in different parts of the body. A person is as competent to testify to the fact that he had a pain in his heart as that he had a pain in his head. If, as ar-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gued, the ordinary witness cannot locate the position of his heart, or tell whether the pain was in his heart or in his stomach, the defendant could by cross-examination have learned whether the witness possessed such knowledge, and, if he did not, his evidence in that respect would have been of little value.

[2] It is contended, also, that counsel for the plaintiff did not include in his hypothetical questions to his expert medical witnesses the fact that a physician's examination of plaintiff, two hours after the accident, disclosed that he then had an enlarged heart. Such omission did not render the hypothetical questions incompetent or improper. Cole v. Fall Brook Coal Co., 159 N. Y. 59, 53 N. E. 670.

The verdict is supported by the evidence, and the judgment and order must be affirmed, with costs. All concur.