FRANCES RUINA, Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. GREEN BUS LINES, INC., Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries sustained by plaintiff, the third-party defendant appeals from an order which granted the motion of the third-party plaintiff to open its default in failing to serve a supplemental bill of particulars and to direct the said third-party defendant to accept said supplemental bill of particulars. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

■

HOWARD T. SHUART, Plaintiff, v. GUSTAV H. HEIDGERD, Defendant.— Submission of a controversy on an agreed statement of facts, pursuant to sections 546–548 of the Civil Practice Act. Plaintiff and defendant entered into a written agreement, whereby plaintiff agreed to purchase about seventy-two acres of vacant real property from the defendant, and defendant agreed to convey such property to plaintiff by a full covenant warranty deed. On the adjourned closing date, defendant tendered such a deed, containing a covenant to the effect that the premises, except a strip about 1,425 feet long by 600 feet deep, "shall be used for residential housing purposes only, which restriction shall be perpetual and run with the land." Defendant demanded that such covenant be included in a bond and mortgage to be delivered by plaintiff. Plaintiff claims that he is entitled to receive the deed and is required to deliver the bond and mortgage, without such covenant. Defendant claims the covenant should be included in both. The controversy submitted for decision is whether or not specific performance should be decreed in conformity with plaintiff's claim or with defendant's claim. On the stipulation of the parties, judgment unanimously directed for plaintiff and against defendant, without costs. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

■

ALICE J. SISKOPOULOS, Appellant, v. PARK VANDERBILT REALTIES, INC., Respondent.— In this action by a tenant against her landlord to recover damages for personal injuries caused by falling plaster, plaintiff appeals, on the ground of inadequacy, from so much of the judgment, entered upon a jury's verdict, as grants recovery to her in the sum of $1,000. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The principal injuries plaintiff claimed she sustained consisted of bruises on the head, neck, shoulders and left foot, and recurring "epileptic seizures", or "convulsions". On two occasions during the trial, the court instructed the jury, after the propounding of two hypothetical questions to two qualified experts, that if in the opinion of the jury *all* the facts that had been testified to were not included in the question they were to disregard any opinion expressed by the witness. These errors (*Cole* v. *Fall Brook Coal Co.*, 159 N. Y. 59), upon the facts of this case, were prejudicial. In any event, in the interests of justice, a new trial should be had. Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ., concur.