McBride, judge,
delivered the opinion of the court.
This was a bill in chancery, filed in the Gasconade circut court by Russick and Betzold against Jarvis, the object of which was to enjoin a judgment at law obtained by Jarvis against Russick & Betzold on a promissory note given for the purchase of a tract of land; and to set aside, vacate and annul the sale. The decree in the circuit court was in favor of Russick & Betzold, from which Jarvis appealed.
The bill charges that at the instance of John B. Jarvis, who represented himself to be a creditor of the estate of William Jarvis deceased, the county court of Gasconade county at their July term 1844 “ ordered that the sheriff of this county proceed to sell to the highest bidder, on a credit of twelve months, on the first day of the next'term of the Gasconade county court, to be holden in the town of Herman on the the fourth Monday in October next, so much of the real estate of William Jarvis deceased as will be sufficient to pay to John B. Jarvis the sum of seventy-two dollars and eighty-nine cents, with interest and costs of suit, and make report of the same according to law,” &c. &c., that the sheriff did not sell at the then next term of the county court *65 as directed by said order, but, at the following January term 1845, offered for sale a portion of the real estate of the said William Jarvis, and the defendant Russick became' the' purchaser of seven and three fourths of an acre, for the sum of $73 97, for which he executed his note with his co-complainant Betzold as his security, to the defendant Jarvis, and which is the same note sued upon.
That he subsequently obtained a deed from the sheriff for the said land, but that the deed is only for seven acres, and shows upon its face the illegality of the whole proceeding, in this, that the county court had no legal authority to order the sale, and that the sheriff did not sell in conformity to the order of the county court.
That judgment has been obtained on the note given for the purchase money, and the payment is sought to be coerced without any consideration having been obtained by the complainants, or any means afforded them by law to obtain a title to the land purchased by them.
The answer denies the illegality of the order and the irregularity of the sheriff’s sale made under the same, and prays á dissolution of the injunction, &c.
The sheriff’s deed, being in evidence, shows that the sale was made, as charged in the bill, on the 27th January -1845, and that the complainants became the purchasers of seven acres of land, it being an undivided part of a forty acre tract belonging to the estate of William Jar-, vis deceased.
It was further in evidence that the order of the county court directing the sale was made- without the previous requisitions of the.law having been complied with.
The 8th sec. of the 3d art. of the administration law, R. C. 1835, p. 52, provides that “ if any person shall die and not have personal estate sufficient to pay his debts, the executor or administrator shall file a petition to the county court stating the facts, and praying for the sale of the real estate, or so much thereof as will pay the debts.” The 9th sec. directs that “ such petition shall be accompanied by a true account of his administration, a list of the debts due to and by the deceased, and remaining unpaid, and an inventory of the real estate and of the remaining personal estate, with its appraised value, and all other assets in his hands, the whole verified by the affidavit of the administrator or executor.” The 10th sec. provides that any creditor or other person interested in the estate may make the application, they giving to the executor or administrator twenty days previous notice thereof. The 11th see. makes it the duty of the executor or administrator, on or be *66 fore the first day of the term at which he is notified that the application will be made, to file a true statement of the accounts, lists and inventories as provided in the ninth section. Upon this being done the Í 2th sec. provides, the county court shall make an order requiring all persons interested in the estate to be notified thereof; and the notice to be published for six weeks in some newspaper in this State. The 18th sec. directs that upon proof of the publication having been made “ the court shall hear the testimony and may, if necessary, examine all parties on oath touching the application, and make an order for the sale of such real estate, or any part thereof in this State, at public or private sale.”
The 15th and 16th sections provide for the appointment of appraisers of the real estate to be sold, and prescribes their duties. The 17th sec. requires the executor or administrator to cause a notice containing a particular description of the estate to be sold, the time, place, and terms of sale to be published in some newspaper in this State for four weeks, and shall put up a copy of such notice in ten public places in the county in which the sale is to be made, twenty days before the sale. The next section directs where, when, and how the sale is to be made. Section twenty requires the executor or administrator to make a report of his proceedings to the next term of the court, verifid by affidavit. If not approved, the sale to be void and a new sale ordered. The 22d sec. provides >“ that if such report be approved by the county court, such sale shall be valid, and the executor or administrator, as soon as full payment shall be made of the purchase money, shall execute, acknowledge and deliver to the purchaser a deed, stating the order of sale and the court by which it was made, and the consideration, and conveying to the purchaser all the right, title and interest which the deceased had in the same.”
It will be perceived at once that the county court in the case now before us, have not pretended to conform their action, to the requisitions of the Statute. All the safe-guards thrown around the real estate of deceased persons to prevent unnecessary alienation from the heirs, and to protect it from mal-administration, have been entirely disregarded. The administrator in the case comes into court, and asks the court to order the sale of a portion of the real estate of his■intestate, to pay a debt due to him, which has accrued to him since the death of the deceased, and the court, without having an eye to the statute, make an order that the sheriff of the county, at the next term of their court, sell so much of the real estate of the deceased as shall be sufficient to pay the administrator his debt. And the sheriff, under this order, it is *67 said, had a right, at a subsequent term of the court to that named in the order, to sell and convey to the purchaser a good and sufficient title. We do not observe any power conferred by the statute on the sheriff to sell the real estate of deceased persons for the payment of debts. The statute directs the executor or administrator to carry into effect the order of the county court, and no reason is perceived for passing by the individual charged by law with this duty, and to confer it upon another.
We are of opinion the circuit court did not err in perpetuating the injunction, and that'its judgment ought to be affirmed.