Delany v. Reade.

## DELANY v. READE.

Before a prior judgment can be a bar to a subsequent action, the point or matter in issue between the parties, must have been *determined*, and such determination or decision must have been upon the merits.

If a suit shall be discontinued, or a plaintiff shall become nonsuit; or if, for any other cause, there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive, and will not bar a subsequent suit for the same cause of action.

An irregular judgment is conclusive, until reversed or set aside.

Objections not urged in the court below, come too late, when presented for the first time in the appellate court.

### Appeal from the Jones District Court.

THIS case was commenced before a justice of the peace, and by defendant appealed to the District Court. The transcript of the justice states that "plaintiff ordered notice to

Delany v. Reade.

issue against defendant for the sum of $89.37, with interest, as justly due him on an agreement to pay, or on contract." On the day fixed for trial, it is shown that the parties appeared, "with their attorneys, and the plaintiff pleaded orally, and the defendant filed his answer, and a jury being summoned, at the request of the defendant," &c. On appeal, the cause was submitted to the court without the intervention of the jury, and its decision was rendered in writing, stating the facts found, and the conclusion founded thereon. As thus stated, the facts were substantially as follows : In the winter of 1853–4, a controversy existed between these parties in relation to a note held by plaintiff against defendant, and they then mutually agreed to submit said controversy to two persons named, who, after hearing the said parties, awarded that defendant should pay plaintiff the sum of two hundred dollars. To this decision both parties assented, and the defendant at the time promised to pay plaintiff the said two hundred dollars, and subsequently paid thereon $110.63. In January, 1855, plaintiff sued defendant for the balance claimed to be due, and a trial being had before a jury, they returned "a verdict—no cause of action. The judgment rendered by the justice was, that the plaintiff be nonsuited ; and the plaintiff then paid up the costs," and commenced this action. On this state of facts, the District Court found for plaintiff, and the defendant appeals.

*W. J. Henry*, for the appellant.

*W. T. Barker*, for the appellee.

WRIGHT, C. J.—Three of the errors assigned in this case may be considered together, as they involve substantially the same question. These are, first, that the court erred in receiving evidence of a submission to arbitrators, and the award, when the said award had not been declared on by plaintiff; second—in finding for plaintiff, when his pleadings do not set forth any cause of action ; third—in render-

ing judgment on a verbal contract, when the said contract related to a promissory note, which was not produced. None of these objections appear to have been urged in the court below, and whatever their force, if made at the proper time, we are clear, that they come too late, when presented for the first time in this court. That it was competent for the plaintiff to declare upon the alleged parol award, or upon the note which was the foundation of said submission, there can be no doubt. In pleading before a justice of the peace, it is not expected or required, that either party shall be held to critical nicety in stating his cause of action or defence. If a plaintiff shall fail to state his cause of action in a sufficiently clear and distinct form, objection should then be taken, or at all events, when testimony is sought to be introduced to sustain the same. But where no objection of the kind is made in that court—where the cause has been heard upon appeal, and this objection not urged—we would not disturb the judgment for a defect in the statement of the claim, if from the whole record, sufficient is shown to enable the defendant to plead the recovery in bar of any subsequent action; and this rule disposes of the three errors assigned. The parties had, as far as can be seen, a full and fair trial—the plaintiff's cause of action is now, at least, fully upon the record, and after judgment, we think, the objections come too late; and especially is this true, when not made the ground for a motion for a new trial, or in arrest of judgment in the court below. From this record, the defendant can have no difficulty in protecting himself against any action that may be brought either on the note or award.

The fourth and last error assigned is, that the judgment should have been for defendant, on the plea of prior adjudication. The defendant before the justice, set up by his answer, the former proceedings referred to in the facts found by the court. As shown by the statement of the case, that cause was tried before a jury, and verdict rendered in these words—"No cause of action." The justice thereupon entered judgment—"that the plaintiff be nonsuited"—where-

upon the plaintiff paid the costs of said suit, and commenced the present action. Do these facts show such a former adjudication as to bar the present action? We think not. It is to the judgment of the justice that we are to look in determining this question. The verdict of the jury cannot bar the plaintiff's action, unless followed by such a judgment as amounts to a prior adjudication or determination of the matter in controversy. Before a prior judgment can be a bar to a subsequent action, we understand that the point or matter in issue between the parties must have been determined, and such determination or decision must have been upon the merits. If, therefore, a suit shall be discontinued, or a plaintiff shall become nonsuit, or if, for any other cause, there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive, and will not bar a subsequent suit for the same cause of action. *Bridge et al.* v. *Sumner,* 1 Pick. 371; *Inh. of Knox* v. *Inh. of Waldsborough,* 5 Greenlf. 185; 1 Greenl. Ev. §§ 529, 530; 3 Black. Com. 296, 377. It is true that the order that the plaintiff be nonsuited, after the rendition of the verdict, was an unusual one, and we may go even farther, and say that it was irregular; and upon review in the District Court, would perhaps have been set aside. But it was certainly as much the duty of the defendant as plaintiff to have this order corrected. As it stands, we cannot treat it as void. But treating it as simply irregular, it is conclusive, until reversed or set aside, and giving to the language used its usual and recognized signification, it amounts to nothing more than an order discontinuing the former suit, or perhaps ordering a nonsuit for some cause not disclosed. So construing the language, we think the plaintiff's action is not barred by such former proceedings.

Judgment affirmed.