## YANKTON BUILDING & LOAN ASSOCIATION V. DOWLING *et al.*

1. A mortgagee does not assign the mortgage by executing a deed, as he has no title, under Comp. Laws, § 4330.

2. Error in the admission of evidence will not be considered, where every fact required to sustain the judgment was admitted or established by other competent evidence.

3. A mortgagor must pay the amount of a "bonus" that he agreed to pay in addition to the principal and interest, where he makes no specific plea of usury.

4. Where the borrower from a building association, agreeing to make monthly payments of interest, has paid nothing for six months, the entire principal, with interest from the day of the last payment, becomes due under Laws 1893, Chap. 40, § 6, providing that the whole sum loaned by a building asssociation and interest shall become due in case of nonpayment of any interest for six months.

(Opinion filed March 7, 1898.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action to have a warranty deed and two certain contracts declared a mortgage and to foreclose such mortgage. Plaintiff had judgment, from which, and from an order denying their motion for a new trial, defendants appeal. Affirmed.

*Gamble & Dillon*, for appellants.

The time for an appeal not having passed, the action was still pending and it was error to admit the judgment in evidence as a former adjudication. Sec. 5343, Comp. Laws; *In re* Blythe's Est., 34 Pac. (Calif.) 108; Naftzger v. Gregg, 33 Id. (Calif.) 757; Fresno Min. Co. v. Fresno County, 46 Id. (Calif.) 412; Harris v. Barnhart, 35 Id. (Calif.) 589; 2 Black on Judg., §§ 510 and 695.

*French & Orvis*, for respondent.

By specifically objecting on certain grounds, appellants waived all other objections. Bailey v. Railroad, 3 S. D. 531; Mining Co. v. Noonan, 3 Dak. 189; State v. Leehman, 2 S. D. 171. "It is not necessary that the judgment set up as a bar to a second suit, should be final in the sense that it is not liable to be reversed on appeal, it being sufficient that it is in force, not suspended by an appeal or otherwise, and that it finally disposed of the controversy." Cook v. Rice, 91 Calif. 664; 27 Pac. 1081; Peterson v. Baker (N. J.), 26 Atl. 324; Willard v. Ostrander (Kan.), 32 Pac. 1092; Stevens v. Stevens, 69 Hun. 332, 53 N. Y. S. R. 208, 23 N. Y. Supp. 520; Potter v. Hartnett (Pa.), 23 Atl. 1007; Bedon. v. Davie, 144 U. S. 142, 36 L. C. P. C. 380; 12 Sup. Ct. Rep. 665; Harding v. Fuller (Ill.), 30 N. E. 1053.

HANEY, J. This litigation relates to the realty involved in Yankton Building & Loan Ass'n v. Dowling, (decided at the present term) 10 S. D. 535; 74 N. W. 436, to which reference should be had for an outline of the facts presented by both appeals. After the determination of that case in the circuit court,

plaintiff, adopting the theory contended by for the defendant and held by the court, that the deed from Bordeno to plaintiff, and the contracts between it and Dowling, are in a law a mortgage, began this action to foreclose its lien and recovered judgment, from which, and an order denying a new trial, defendants appealed. It having been admitted in this action that the contracts and deed constitute a mortgage, the only material questions involved, as we view the proceedings, are these: (1) Did plaintiff part with its cause of action before bringing this suit? (2) What amount, if any, above $500, was due upon the mortgage when this action was commenced?

Before the commencement of this action, and after Dowling had made default in the payment of interest according to the terms of the second contract, plaintiff executed and delivered to one George Tammen a warranty deed, whereby it purported to convey the fee-simple title to the property, and at the same time Tammen and wife executed and delivered to plaintiff a mortgage, whereby they purported to mortgage the premises to plaintiff. Such deed and mortgage were recorded prior to the commencement of this action. In the absence of any evidence or finding concerning the intent of the parties, aside from the execution, delivery, and recording of this deed and mortgage, the trial court correctly concluded "that at the time of the execution of the deed hereinbefore referred to, from the Yankton Building & Loan Association to George Tammen, the plaintiff had no title to the premises described in said deed, and no interest therein, except a lien created by the deed executed by William T. Bordeno and contracts between plaintiff and the defendant M. P. Dowling, and no title passed to said Tammen by reason of the execution and delivery of said deed; that the execution and delivery of said deed to said Tammen did not convey to said Tammen plaintiff's mortgage lien upon the property therein described; that said mortgage lien has never been assigned, but is now owned by plaintiff." In this state, "notwithstanding an agreement to the contrary, a

lien, or a contract for a lien, transfers no title to the property subject to the lien." Comp. Laws, § 4330. "A lien is to be deemed accessory to the act for the performance of which it is security, whether any person is bound for such performance or not, and is extinguishable in like manner with any other accessory obligation." Id. § 4341. "The transfer of a thing transfers also all its incidents unless expressly excepted; but the transfer of an incident to a thing does not transfer the thing itself." Id. § 3243. It is neither shown by evidence, nor found by the court, that plaintiff intended to, or did, transfer the debt to secure which its mortgage was given. Plaintiff had no title to transfer, and its deed to Tammen did not have the effect of assigning its mortgage, or transferring the debt secured thereby. This is the view generally held in states where the legal title is regarded as remaining in the mortgagor. Jones, Mortg. § 808; Swan v. Yaple, 35 Iowa 249; Peters v. Bridge Co., 5 Cal. 335; Mack v. Wetzlar, 39 Cal. 247.

It is unnecessary to decide whether or not the court erred in receiving in evidence the judgment roll in the case of Yankton Building & Loan Ass'n v. Dowling, for the reason that every fact required to sustain the judgment below was either admitted by the pleadings or established by other competent evidence. The deed from Bordeno to plaintiff and the testimony of Burns show that the plaintiff paid Bordeno $4,000. It is admitted in paragraph 9 of the answer that such deed, and the contracts between plaintiff and Dowling, were given as security for the money advanced by plaintiff to Bordeno, and as security for the sum of $500 advanced by plaintiff in the payment of claims against the property. Thus, the fact is established that plaintiff actually advanced or loaned $4,500. The second contract recites that Dowling is the owner of 50 shares of stock, each share being of the par value of $100, and he therein agrees to pay all installments, penalties, and fines that may become due thereon, until the full maturity thereof, and interest at the rate of 9 per centum per annum, payable month-

ly, on the sum of $5,000. It is also agreed therein that Dowling, if he shall so elect, may at any time pay said sum of $5,-000, and, upon such payment, the withdrawal value of said stock, at the time thereof, may, at the option of Dowling, be credited to him as part of said $5,000, and in that case said shares of stock shall be cancelled, and upon such payment the plaintiff shall convey the real estate described therein. Whatever might have been the practical result of this arrangement, it is evident that the parties contemplated that the payments upon the stock would, when it matured, amount to a sum equal to $5,000, and that Dowling would receive a conveyance of the property upon the payment of $5,000, with interest thereon at 9 per centum per annum, payable monthly, from date of the contract until the time of such conveyance. Dowling having, with the consent of plaintiff, sold his stock, payments thereon are eliminated from the computation in this action; and he is required to pay $5,000, with interest at 9 per centum, provided it was competent for the parties to agree upon any sum in excess of amounts paid to Bordeno and on the liens filed against the property. The excess is $500, which the court below held Dowling agreed to pay as bonus. The contract shows he agreed to pay it, and it is immaterial whether it be called a bonus or not. Under the provision of Chap. 40, Laws 1893, which the pleadings admit was accepted by plaintiff prior to the execution of the contract, it would seem to be lawful for the parties to include this $500 therein; but, however this may be, defendants cannot avoid the effect of the contract in this action for the reason that usury is not specifically and clearly pleaded in their answer. 27 Am. & Eng. Enc. Law, 1040. Having thus ascertained the amount of the principal obligation to be $5,000, it only remains to be determined what sums should be credited thereon. As heretofore suggested, the sale by Dowling of his stock, with plaintiff's consent, clearly justified the exclusion of all evidence offered for the purpose of showing payments of dues and fines thereon. It appears from

Burns' testimony that no interest was paid after the first Monday in May, 1894, and the court correctly concluded that plaintiff was entitled to interest on $5,000 from that date.

What amount was due when this action was commenced? Sec. 6, c. 40, Laws 1893, provides: "In case of nonpayment of any installment of dues, interest, premiums, fines, insurance, taxes or other sums due from the borrower to the association for the space of six (6) months after such delinquency occurs, the whole sum loaned, together with the unpaid premium bid therefor, and all interest, fines, insurance, taxes, and dues on stock pledged for said loan, shall become due and payable, and may be at once collected for the full period for which the same were contracted to be paid." It is stipulated in the second contract that interest shall be paid monthly. None had been paid for more than six months before the action was commenced. The circuit court was right in holding that the sum of $5,000 was due, with interest from the first Monday in May, 1894.

The contract contains the following: "It is further agreed that the party of the second part shall pay all taxes, insurance, and assessments on said real estate now due and owing, or that may hereafter become due during the continuance of this contract, and repay them to the party of the first part, if it shall have paid the same, together with twelve per cent interest thereon." It is shown by competent evidence that plaintiff paid certain taxes upon the property, and the court properly gave judgment for the amount so paid, with interest at 12 per centum. The contract fixed the rate of interest, and the deed from Bordeno was given to secure the performance by Dowling of the obligations contained in such contract. The judgment appealed from is affirmed.