TAYLOR v. NEYS *et al.*

1. Where a purchaser sued to recover back the price because the vendor had ousted him, a judgment of dismissal, with costs, rendered on the ground that the purchaser had not rescinded, does not bar a new action.

2. When not apparent on the record, parol evidence is admissible to show that a judgment of dismissal, with costs, was not on the merits, so as to bar a new action.

3. Error in admitting incompetent evidence of a fact, otherwise established, is harmless.

(Opinion filed July 12, 1899.)

Appeal from circuit court, Moody county. Hon. JOSEPH W. MOORE, Judge.

Action to cancel a bond for a deed, by John C. Taylor against Peter Neys, impleaded with another. From a judgment for Peter Neys, plaintiff appeals. Affirmed.

*Aikens & Judge,* for appellant.

The record of a judgment cannot be impugned. When the record made up by a court of general jurisdiction shows conclusively that a certain question has been judicially determined between the same parties, evidence *aliunde* is inadmissible to contradict it. Russell v. Place, 94 U. S. 608; Freeman on Judgments, §§ 275, 272; McLain v. Hungarian, 13 Johns 184; King v. Fuller, 3 Carries 152; Wilder v. Com., 16 Wend. 583; Gay v. Wellis, 7 Pick. 219; Howard v. Huron, 6 S. D. 180; Bank v. Bliss, 72 N. W. 406.

*Keith & Warren,* for respondent.

The judgment in the former case sought to be interposed as a bar to this action was not upon the merits and cannot have the force of a bar, the issues not having been litigated. 1 Greenleaf Ev. §§ 529, 530; Foster v. The Richard Berstad, 100 Mass 409; Gerrish v. Pratt, 6 Minn. 53; Hughes v. U. S., 4 Wall 232; Kern v. Wilson, 48 N. W. 920; Chrisman v. Harmon, 26 Am. Rep. 388; Parks v. Moore, 37 Am. Dec. 589; Way v. Johnson, 5 S. D. 237.

Where a plea of former adjudication is interposed, it is competent to show by parol what issues were submitted to the jury in the former case, or that the suit was not terminated upon the merits, or that it was dismissed, and for this purpose the testimony of the jurors or judge who tried the case as well as other parol testimony is admissible. Munro v. Meech, 54

N. W. 290; Hickerson v. City of Mexico, 58 Mo. 61; Dear v. Reed, 37 Hun. 594; Agan v. Hey, 30 Hun. 591; Parks v. Moore, 37 Am. Dec. 589; Washington, etc. v. Sickles, 5 Wall. 580; Marcellus v. Countryman, 65 Barb. 201; Angel v. Hollister, 38 N. Y. 378; Eastman v. Cooper, 26 Am. Dec. 600; Woods v. Jackson, 22 Am. Dec. 603; Cunningham v. Foster, 49 Me. 68; Esterbrook v. Savage, 21 Hun. 145; Sawyer v. Woodbury, 66 Am. Dec. 518; Bridge v. Gray, 25 Am. Dec. 358; Doty v. Brown 53 Am. Dec. 350; 2 Black on Judgments, §§ 627, 628.

FULLER, J.  Answering the complaint in this action to cancel a bond for a deed and by way of counterclaim, the defendant charged plaintiff with a breach of the terms of such instrument, and alleged full performance on his part, but consented to a cancellation thereof upon the restoration of $1,100, which he had already paid, as a part purchase price of the premises therein described.  In reply to the counterclaim, a former suit between the same parties was pleaded in bar, and, on this appeal from a judgment for the full amount claimed by defendant, plaintiff insists that the trial court erred in permitting the introduction of parol testimony to show what was really adjudicated at the earlier trial.  The essential facts pertaining to the first suit, which was entitled "Peter Neys v. John C. Taylor," are these: The summons is in the usual form for the recovery of money, and it is in the complaint alleged that the respondent Neys paid $1,100 as part purchase price of the premises, and under the contract went into actual possession thereof, thus remaining until appellant, Taylor, maliciously and fraudulently ousted both himself and family, although he had performed all that the contract required,

"and has at all times been ready and willing to carry out and complete said contract on his part." The answer of appellant, Taylor, was a general denial, and, upon a verdict in his favor, judgment for dismissal and for costs against Neys was entered, and the above-mentioned summons, pleadings, verdict, and judgment constitute the judgment roll offered by appellant, and received in evidence upon the trial of this cause in support of the plea of *res judicata.* For the purpose of defeating this plea in bar, by showing that no trial was had upon the merits, the notes of the official stenographer were, over the objections of the appellant, read in evidence, and are in part as follows:

"The defendant moves the court to instruct the jury to return a general verdict in favor of the defendant, and against the plaintiff, for the following reasons: * * * The evidence shows that the plaintiff has never rescinded the contract mentioned in the complaint, and never tendered back to the defendant any compensation for the time while he had the premises, or compensation for the injury done the same, and has not offered to reconvey, and never did reconvey, his interest in and to the premises. The evidence shows conclusively that he still claims to have an interest in the premises in controversy under and by virtue of the contract mentioned in the complaint, and therefore he is not entitled to recover. The motion of the defendant to direct a verdict granted. ·

"Gentlemen of the Jury: This case, as many other lawsuits, involves a question of law, and, as the court has stated to counsel in your hearing, the court is of the opinion that, under the facts in this case, the contract was, at the time the suit was brought, a subsisting contract, giving Mr. Neys, the defendant,

a valuable and equitable interest in that land, and the money at that time, and until the rescission was made, belonged to Taylor; and hence the court is of the opinion, as a matter of law, that the plaintiff has not sustained his action in this case, and hence, upon motion of defendant, you are directed to return a verdict in this case in favor of the defendant."

The judge before whom this cause was tried fully corroborated the foregoing; and testified to facts which conclusively show the theory upon which the verdict was directed to be "that the action to recover the $1,100 purchase money could not be maintained until after a rescission of the contract, and, as there was no proof or averment of its being rescinded on the part of the plaintiff, that the action was prematurely brought." We think the decision amounts to a dismissal of the action for reasons not extending to the merits of respondent's claim, as relied upon in this suit, and that extrinsic evidence was competent to show that the only question determined in the former case was respondent's right to maintain his action at that time.

Of course, it would be vexatious, and contrary to the well-settled policy of the law, to permit repeated suits between the same parties, for the same subject-matter, resulting in more that one judgment, upon the merits of the same cause of action; but, before a prior judgment can operate conclusively as to a subsequent action, the matter in issue must have been determined upon the merits, and a judgment for costs, amounting to no more than a nonsuit, is not sufficient to constitute a bar. Haws v. Tiernan, 53 Pa. St. 192; Delany v. Reade, 4 Iowa, 292; Bridge v. Suirner, 1 Pick. 371; Harrison v. Wood, 2 Duer, 50; Howes v. Austin, 35 Ill, 396; Taylor v. Larkin, 12 Mo. 65,

When not apparent upon the face of a record, parol evidence
of the proceeding is allowable to show that a former trial
went off on a technicality, not involving the merits, or that a
judgment for dismissal and costs was rendered against a party
because his claim had not then matured. Munro v. Meech
(Mich.) 54 N. W. 290; Hickerson v. City of Mexico, 58 Mo. 61;
Parks v. Moore, 37 Am. Dec. 589; Marcellus v. Countryman,
65 Barb. 201. Whether the oral testimony of the judge as to
what took place at the trial was too general or otherwise
objectionable need not be determined, because the court's
written. instructions, as taken down by the official stenographer,
were read in evidence from . his notes, and show exactly upon
what ground the case was determined. Being of the opinion
that the plea in bar is ·not sustainable, and finding nothing in
the record requiring a reversal, the judgment appealed from is
affirmed.