FOWLER *et al.* v. IOWA LAND CO., Limited, *et al.*

1. S. had acted as sole attorney for defendant land company for a number of years, and, as such, negotiated a loan on the bonds of a corporation, secured by a mortgage to a trust company, whose only interest therein was that of trustee for defendant, the principal holder of the bonds. S,

thereafter took possession of the property mortgaged, and appointed managing agents, who accounted to him for receipts and disbursements, and, on foreclosure proceedings being instituted, he was employed as sole attorney for the trust company, and during such proceedings and the time for redemption retained possession of the property. Held, that S. had authority to employ plaintiffs, who had been attorneys for the mortgagor in the foreclosure proceedings, on behalf of defendant, to take appeals from an order appointing a receiver, and to prosecute such appeals, in order to maintain defendant's possession of the property during such foreclosure proceedings.

2. Where it was shown by the uncontradicted evidence, independent of the testimony of an agent, that he acted as agent and attorney for defendant in taking possession of certain property during foreclosure proceedings, etc., declarations and statements by such agent were admissible to prove the contracts entered into by him with plaintiffs for legal services while acting as defendant's agent.

3. Under Civil Code, § 1641, providing that a trustee cannot enforce any claim against the trust property which he purchases after or in contemplation of his appointment as trustee, an instruction that B. & Co., having purchased certain pledged bonds while acting as manager and agent of a certain corporation, could acquire no interest therein, but that such purchase inured to the benefit of the corporation, was proper.

4. Where the services rendered by plaintiffs as attorneys in a former suit were necessary in order to prevent a receiver appointed in that action from retaining possession of the property during the litigation between a trust company and the mortgagor, and it was by reason of such services of the plaintiffs that S., who was the managing agent, and attorney of the beneficiary of the trust deed, was enabled to retain possession of the mortgaged property pending the litigation, an instruction, in an action for plaintiffs' services, that if S. was in charge of the litigation on behalf of the mortgagee, and in the action brought to foreclose the trust deed, and S. employed plaintiffs to perform services for which the action was brought, then S. had authority to employ plaintiffs to perform such services for the beneficiary in a trust deed, was proper.

5. In an action for attorneys' services in the foreclosure of a deed of trust, an instruction that if, at the time plaintiffs were employed by S. to render the services sued for, S. was defendant's attorney, and also one of the

attorneys for the trustee in the suit to foreclose the deed, then plaintiffs' appointment was binding on all the parties who had a beneficial interest in the mortgaged property, for whom S. acted in making the promise, was proper.

6. Where an attorney for several years had been the sole attorney of a foreign corporation with reference to its business in South Dakota, and he was directed by defendant to proceed to foreclose a trust deed on property in that state, he was impliedly clothed with authority to take all necessary steps and make all necessary contracts to accomplish such foreclosure in the manner and for the best interests of such corporation.

7. In propounding a hypothetical question, it is competent for the attorney to so frame it as to include all the various facts of the case on which evidence has been admitted.

8. Error in admitting incompetent evidence of a fact otherwise sufficiently established is harmless.

HANEY, J., dissenting.

(Opinion filed June 8, 1904.)

Appeal from circuit court, Fall River county; Hon. LEVI McGEE, Judge.

Action by James W. Fowler and others against the Iowa Land Company, Limited, and others. From a judgment in favor of plaintiffs, defendant land company appeals. Affirmed.

*Charles W. Brown,* for appellant.

*C. L. Wood, James W. Fowler* and *Fred H. Whitfield,* for respondents.

CORSON, P. J. This is an action by the plaintiffs, as attorneys at law, to recover $5,000 for legal services alleged to have been performed by them for the defendants. The case was tried to a jury, which rendered a verdict against the defendant the Iowa Land Company, Limited, for the sum of $3,500, and from the judgment and order denying a new trial that company has appealed to this court.

The facts in this case are quite similar to those in the case of Pilcher v. S. C. S. D. & T. Co., 12 S. D. 52, 80 N. W. 151; the only material difference being that the judgment in that case was recovered against the trust company, while in this case the judgment was recovered against the Iowa Land Company, the beneficiary in the trust deed that was foreclosed in the action of the safe deposit company against the Dakota Hot Springs Company. The facts applicable to this case were so fully stated in the Pilcher Case that we do not deem it necessary to restate them in this opinion.

It was clearly shown on the trial of this case that the plaintiffs were retained by J. H. Swan, who they claim was the agent as well as the attorney for the Iowa Land Company, and fully authorized to retain them. It is further shown by the evidence that under their retainer they performed services resulting in enabling Swan, as the agent of the trust company and the land company, to retain possession of the Hot Springs Company's property, consisting of the Evans hotel, plunge bath and other valuable properties, during the foreclosure proceedings and during the time for redemption subsequent to the sale of the same. There was some conflict as to the value of the services rendered by the plaintiffs, but the evidence was clearly sufficient to warrant the jury in finding them to be of the value of $3,500. The only question, therefore, about which there is any serious controversy, is as to whether or not J. H. Swan had authority to retain the plaintiffs to assist him in regaining and retaining the possession of the Hot Springs Company's property during foreclosure proceedings.

The appellant contends that Swan, as the attorney for the trust company, was not authorized to employ the plaintiffs to

assist him, and that his contract with them is not binding upon the Iowa Land Company, Limited. It is contended, however, by the respondents that Swan was not only the attorney, but also the agent, of the Iowa Land Company, and did have authority to bind that company, and did bind it by the contract made. We are of the opinion that the respondents are right in their contention. It clearly appears from the evidence, independently of the testimony of J. H. Swan, that he had acted as the sole attorney of the Iowa Land Company in its business in this state for a number of years; that the loan which the bonds of the Hot Springs Company were given to secure was negotiated by him; that he took possession of the Hot Springs Company's property, appointing managing agents, who accounted to him for the receipts and disbursements; and that during the foreclosure proceedings and the time for redemption, he retained possession of the property. Mr. Dunlop, one of the firm of Benson & Co., general agents for the Iowa Land Company in this country, says: "I knew Col. J. H. Swan in his lifetime. I became acquainted with him in 1884. He was a lawyer practicing in Sioux City, and was a member of the firm of J. H. & Charles M. Swan, and later of Swan, Lawrence & Swan, up to the time of his death, in 1899. The Iowa Land Company, Limited, relied upon said J. H. Swan for many years last past, and up to the date of his decease, to tend to all its lawsuits and legal business in the state of South Dakota." Charles M. Swan, a son of J. H. Swan, a member of the firm Swan, Lawrence & Swan, states that J. H. Swan was for many years, and until the time of his decease, sole attorney of the Iowa Land Company, Limited, and, as such attorney, was specially in charge of the interest of the Iowa Land Company,

although said Swan frequently signed the firm name of Swan, Lawrence & Swan to legal papers in cases which said J. H. Swan brought for said Iowa Land Company; that all compensation for legal services rendered by that company was paid to said J. H. Swan, said firm having no interest therein. It further appears from the evidence that Col. J. H. Swan negotiated the loan made to the Hot Springs Company by the Iowa Land Company, and that he drew up the papers requiring the trust company to proceed and foreclose the mortgage and take possession of the property on behalf of the Iowa Land Company and C. W. Benson & Co. This evidence was undisputed. It will thus be seen that J. H. Swan was the general attorney of the Iowa Land Company, and had exclusive management of its legal business in this state, for a number of years. It is true that, in taking possession and in appointing agents to hold and manage the property, he did so in the name of the trust company, the nominal plaintiffs in the foreclosure proceedings. But as the trust company had no actual interest in the property, except as trustee, and it was simply acting in its capacity as such trustee for the Iowa Land Company and Benson & Co., the general agents of the land company in this country, he was, in effect, acting both as agent and attorney for the Iowa Land Company, the real beneficiary in the trust deed. As the attorney of that company, therefore, though nominally acting as attorney of the trust company, he was clothed with authority to adopt such means and employ such assistants as were necessary in foreclosing the trust deed, and in securing the Iowa Land Company the amount due to it. Where, as in the case at bar, an attorney who is the general attorney of a foreign corporation, conducting its legal business generally in

this state, is proceeding to foreclose a trust deed authorizing him to take possession of the property in case of default, such an attorney is vested with all the powers necessary to make the foreclosure effective for his principal, and he has implied authority as such attorney to do every act necessary, proper, and usual in the ordinary course of business in conducting such foreclosure proceedings. Section 1677, Civil Code; Pilcher v. S. C. S. D. & T. Co., supra. In the case at bar it would seem to have been necessary and proper to take and retain possession of the large amount of real and personal property included in the trust deed during the pendency of the foreclosure proceedings and during the time for redemption. Clearly the most effectual method of accomplishing this object was to appeal from the order and judgment of the state circuit court appointing a receiver, and filing supersedeas bonds and this could only be done by taking an appeal in the name of the Hot Springs Company, which declined to proceed further with the action. It was therefore eminently proper to retain the plaintiffs, who had been attorneys in the action in the state circuit court for the Hot Springs Company, for the purpose of taking the appeals to the Supreme Court in the name of that company, and to prosecute the appeals in that court. As before stated the whole proceeding to foreclose the trust deed and retain possession of the property was for the benefit of the Iowa Land Company, the real party in interest in the foreclosure proceedings.

It is further contended by the appellant that the conduct of the plaintiffs' counsel in the argument of the case to the jury was such an irregularity as prevented the appellant from having a fair trial, and entitled it to a new trial. There seems to

be some uncertainty as to the language used by counsel in his argument to the jury, and Mr. Wood, one of the attorneys for the plaintiffs, who, it is alleged, made the disparaging remarks as to one of the agents of the Iowa Land Company, in a lengthy affidavit, denies that he made the remarks charged to have been made by him, and he is supported by the affidavits of the other attorneys of the plaintiffs in the action. In view of this uncertainty, and the fact that the trial court has passed upon the question on a motion for a new trial, and denied the same, we are inclined to take the view that the statements of the counsel were not of such a character as would warrant us in reversing the judgment of the court below.

It is further contended by the appellant that the court erred in permitting the witnesses Fowler, Whitfield and Cull to testify, over the objection of the appellant, as to declarations made by J. H. Swan, and in refusing to strike out such testimony on motion of the appellant. There is no merit in this contention. It was shown by the uncontradicted testimony, independently of the testimony of J. H. Swan, that he acted as the agent and attorney of the appellant company in taking possession of the property, appointing managing agents, and in transacting the business of that company in this state. In view of such evidence, it was perfectly competent to give the declarations and statements of Swan and to prove the contracts entered into by him with the plaintiffs while so acting as attorney and agent of the trust company and Iowa Land Company.

It is further contended by appellant that the court erred in giving to the jury instructions numbered 1, 2 and 3 requested by the plaintiffs.

The first instruction given at the request of the plaintiffs

reads as follows: "The law is that a trustee cannot enforce any claim against the trust property which he may acquire after his appointment as trustee. Therefore C. W. Benson & Co. could not and did not acquire any interest in the bonds of the Dakota Hot Springs Company purchased by it at the pledge sale mentioned by the witnesses, and such purchase of the bonds by C. W. Benson & Co. inured to the benefit of the defendant, the Iowa Land Company, Limited, upon the undisputed evidence that C. W. Benson & Co. was acting as the manager and agent of the defendant the Iowa Land Company, Limited." This seems to be a correct statement of the law applicable to trustees generally. Section 1641, Civ. Code. But in the view we take of the case, it is not necessary to discuss the instruction at length, as Benson & Co. were not parties to this action, and whether they did or did not acquire an interest in the bonds was not material in this case. In our opinion, therefore, the appellant, the Iowa Land Company, would not have been prejudiced by this instruction, had it been erroneous, as the material questions litigated were as to whether or not Swan, as the attorney and agent of the Iowa Land Company, was authorized to enter into the contract alleged to have been made by him with the plaintiffs, and did in fact enter into it, and as to the value of the plaintiffs' services.

The second instruction given at the request of the plaintiffs is as follows: "You are instructed that if you believe from the evidence that Col. J. H. Swan was in charge of the litigation of the Iowa Land Company, Limited, in the State of South Dakota, and if you further find from the evidence that the said Swan was the attorney for the defendant the Iowa Land Company, Limited, in the action brought on behalf of

that company in the United States circuit court for the district of South Dakota, to foreclose the trust deed on the property of the Dakota Hot Springs Company, and if you further find from the evidence that said Swan employed the plaintiffs to perform services, to recover for which this action was brought, then I instruct you, as a matter of law, that said Swan had authority to employ the plaintiffs to perform such services as they did perform, and that the defendant, the Iowa Land Company, Limited, became, and now is, liable to the plaintiffs for the reasonable value of such services, if you believe from the evidence such services were an incident to services which said J. H. Swan was directed to do in and about the foreclosure of said trust deed." The only objection made by the appellant to this instruction is that "there was no evidence that the services rendered in the Dudley case were an incident to any services which Swan was directed to perform in the foreclosure of the trust deed. And while Swan may have been in charge of appellant's litigation, he was not in charge of the litigation of Dudley or of the Dakota Hot Springs Company." This objection, as will be noticed, is purely technical, and is not in accordance with the facts. The services rendered by the plaintiffs in the Dudley case were necessary in order to prevent the receiver appointed in that action from retaining possession of the property during the litigation between the trust company and the Hot Springs Company, and it was by reason of the services of the plaintiffs that Swan was enabled, through his managing agents, to retain possession of the Hot Springs Company's property pending the litigation in the United States circuit court, and during the time for redemption after the sale of the property under the decree of the United States court.

Instruction No. 3 given at the request of the plaintiffs reads as follows: "The law is that where all the parties who unite in the promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several; and if you believe from the evidence in this case that at the time that the plaintiffs in this action were employed by Col. J. H. Swan to render the services sued for in this action, if you find he did employ them, the said Swan was the attorney for the defendant the Iowa Land Company, Limited, in the state of South Dakota, and was one of the attorneys for the Sioux City Safe Deposit & Trust Company, trustee, in the suit in the United States court for foreclosing the trust deed mentioned in the evidence, then I instruct you that the employment of the plaintiffs by the said Swan was binding upon the parties who had a beneficial interest in the mortgaged property, whom Col. Swan was acting for in making the promise, if you find that said defendant the Iowa Land Company, Limited, received any benefit from the plaintiffs' services." We discover no error in this instruction, and counsel for the appellant has not called our attention to any misstatement of the law therein.

It is further contended by the appellant that the court erred in refusing to give certain instructions requested by the defendant. These instructions are very lengthy, combining several propositions of law in each, and assume facts as proven which were not proven, and the material parts of the instructions applicable to this case were given by the court in its general charge to the jury. They seem to have been drawn by the counsel upon the theory that Col. Swan had no authority to bind the appellant by his acts unless he was specifically

authorized by the appellant to make the contracts claimed to have been made by him with the plaintiffs. In Pilcher v. S. C. S. D. & T. Co , supra, this court says: "The settled rule is that a corporation may by parol or implication, unless restricted by statute, authorize an agent to perform any act within the scope of its corporate powers, and, though controverted, there appear to be, in addition to the recitals of the trust deed, facts and circumstances tending to prove an agency broad enough to cover the case." As will have been observed, Col. Swan was not only retained in the particular case of the trust company against the Hot Springs Company, but had been for many years the sole attorney of the company in all its business in this state. When, therefore, he was directed by the appellant and Benson & Co., the general agents of the appellant, to proceed and foreclose the trust deed, he was impliedly clothed with authority to take all the necessary steps and make all the necessary contracts to accomplish such foreclosure in a manner for the best interest of the corporation he represented. The theory, therefore, of the counsel for the defendant, that Col. Swan could do no act, nor make any contracts, not specifically authorized by his company, was not applicable to the case at bar, and hence the court very properly refused the instructions of the defendants based upon that theory.

It is further contended by the appellant that the ·court erred in permitting the expert witnesses Rice, Laffey, and Martin to answer the long hypothetical question propounded to them, over the objection of the appellant, but this contention is untenable. It is true that the question is an exceedingly lengthy one, but, as we have seen, the facts in this case are somewhat complicated, and it was necessary to bring to the

attention of the experts a large number of hypothetical facts in order to enable them to properly answer the question. It is claimed that many of these statements in the hypothetical question were unsupported by the evidence, but these were questions for the jury, as there was evidence tending to prove all the facts stated. In propounding a hypothetical question, it is competent for the attorney to so frame it as to include all the various facts of the case upon which evidence has been admitted. Jones on Evidence, §§ 372, 373; Deig v. Morehead, 110 Ind. 451, 11 N. E. 458; Stearns v. Field, 90 N. Y. 640; Cole v. Fall Brook Coal Co., 159 N. Y. 59, 53 N. E. 670; People v. Hill, 116 Cal. 562, 48 Pac. 711. Certainly in the hypothetical question propounded in this case no facts seem to have been assumed which there was not evidence to support, and, after a careful examination of the question, we have failed to discover any error therein.

It is further contended by the appellant that the verdict is excessive, but, in view of the importance of the case, and the amount of labor and services performed by plaintiffs, we think the jury were fully justified in fixing the value of the services at $3,500.

Appellant further contends that the court erred in permitting the plaintiffs to give in evidence the decision in the case of Pilcher v. S. C. S. D. & T. Co., supra. The object of this evidence seemed to have been to establish the authority of Col. J. H. Swan to retain the plaintiffs in this case, and it is claimed by the respondents that it was properly admitted on the ground that the defendant, being the beneficiary in the trust deed, and the party defendant in that action, was the trustee of the Iowa Land Company, Limited, and that company

was concluded by the decision in that case. In the view we take of the case, however, it will not be necessary to consider the question of its admissibility, for the reason that, assuming that its admission was error, still it does not constitute reversible error, for the reason that J. H. Swan's authority to act as attorney of the Iowa Land Company, Limited, is undisputed. What authority he had as such attorney is a question of law. Where there is sufficient evidence to sustain the judgment, independently of the evidence objected to and admitted, the admission of such evidence will not constitute reversible error. In Yankton B. & L. Ass'n v. Dowling, 10 S. D. 540, 74 N. W. 438, this court, in speaking upon this subject, says: "It is unnecessary to decide whether or not the court erred in receiving in evidence the judgment roll in the case of Yankton B. & L. Ass'n v. Dowling, for the reason that every fact required to sustain the judgment below was fully admitted by the pleadings or established by other competent evidence." In Taylor v. Neys, 11 S. D. 605, 79 N. W. 998, the court held that "error in admitting incompetent evidence of a fact otherwise established is harmless." We are clearly of the opinion that under the ruling of this court in the case of Pilcher v. S. C. S. D. & T. Co., supra, the judgment of the court below is right.

Finding no error in the judgment, the same and the order denying a new trial are affirmed.

HANEY, J., dissenting.