## GODFREY V. FAUST.

1. There being sufficient competent evidence to sustain a finding in a case tried by the court without a jury, admission of incompetent evidence is not ground for reversal.

2. Annual representation work on a mining claim done by a company, the superintendent of which has a contract with the locator of the claim for its purchase, inures to the benefit of such locator, though the superintendent is not shown to have assigned the contract to the company, as he will be considered to hold the contract in trust for the company.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Lawrence county; Hon. W. G. RICE, Judge.

Action by Peter Godfrey against Emil Faust. Judgment for defendant. Plaintiff appeals. Affirmed.

*Martin & Mason,* for appellant.

*McLaughlin & McLaughlin,* for respondent.

Corson, P. J.　Two actions brought upon adverse claims were consolidated and tried as one by the court without a jury, and, the findings and judgment being in favor of the defendant, the plaintiff has appealed.

The principal question involved is whether or not the annual representation work was performed upon or for the benefit of the Dave and Faust lodes, claimed by the defendant, during the year 1900, prior to the location of the Lucetta lode on January 1, 1901, claimed by the plaintiff.　The court found as follows: "(1) That the Faust and Dave lodes were duly located on public mineral lands February 25, 1893, and thereafter duly conveyed to the defendant; (2) that during the year 1900 the annual assessment work upon the said Dave and Faust lodes was fully done and performed, and more than $100 worth of work and labor were done and performed, or caused to be done and performed, upon each of said lodes, by said defendant or for the benefit thereof; and (3) that on January 1, 1901, the plaintiff entered upon the Dave and Faust lodes, made a discovery thereon, and performed all acts necessary to duly locate the Lucetta claim."　The court then found as a conclusion of law "that the Dave and Faust claims are and have been ever since their location valid mining claims which were not subject to location on January 1, 1901, and that plaintiff acquired nothing under the Lucetta location."

It is contended by the plaintiff that these findings were based upon incompetent evidence admitted on the trial over the plaintiff's objection, namely: (1) Evidence of work done upon a tunnel run on the Gustin lode, a patented claim, outside of the boundary lines of both the Dave and Faust lodes; (2) evidence of the expense of machinery on the Minerva mill

site, outside of and not adjoining the Dave and Faust lodes, used in running the tunnel; (3) evidence of wages paid watchmen employed by the Boston & South Dakota Company on the Minerva mill site, also outside of the boundary lines, and not adjoining the Dave and Faust lodes.

It is insisted by the respondent that there was sufficient evidence that work to the amount of $100 on each of the two claims was done upon the same within the boundaries thereof, to support the findings of the court, independently of the testimony claimed to have been improperly admitted. If such is in fact the case, the judgment must be sustained, even though incompetent evidence was admitted, for the presumption is that the court disregarded the incompetent evidence, and based its findings upon the competent evidence in the case. 4 Ency. P. & P. 474; Starkweather v. Bell, 12 S. D. 146, 80 N. W. 183; Yankton B. & L. Association v. Dowling, 10 S. D. 540, 74 N. W. 438; Taylor v. Neys, 11 S. D. 605, 79 N. W. 998; Fowler et al. v. Iowa L. Co., 18 S. D. 131, 99 N. W. 1095; Bowdle v. Jencks, 18 S. D. 80, 99 N. W. 98.

The defendant introduced testimony tending to prove that during the year 1900 a tunnel was run or opened within the boundaries of the Dave and Faust lodes, about 25 feet in length, at an expense of $11 or $12 per foot. Mr. Vincent, a witness for the defendant, testified: "Within the last day or two, I made a survey of a drift running through the Minerva, across the Gustin, and into the Faust lode. The survey was correctly done and platted. I found twenty-five feet of that old tunnel within the lines of the Faust claim. I am not able to say whether that was old work cleaned out, or whether it was new tunnel. I believe it was new work; I didn't look at that par-

ticularly, though. The reasonable value of that work in my judgment would be about $12 a foot." Mr. Corkhill, the superintendent of the Boston & South Dakota Company, testified: "Mr. Vincent surveyed the work done in 1900. The twenty-five feet of tunnel testified to by him was new work. You might call it solid rock. It was caved just as solid as could be, and I had to use a great deal of timber. * * * We ran that twenty-five feet on the Faust lode in 1900. The work stopped about the latter part of August. * * * The reasonable value of that thenty-five feet run in the Faust lode, without the expense of the mill men, put it to $11 or $12 [per foot]. This work that I did there * * * was done for the development and the future mining of the Faust property." Mr. Thomas, in speaking of the tunnel, testified as follows: "I should suppose we were there from six weeks to two months in that portion of the drift which kept caving, cleaning it out and fixing it up, but just in this part of it down here, my best recollection is eight or nine days. I had four men on day shift, and I think there was five or six men on the night shift. The cave kept coming down as we removed the rock. It was as dangerous work as a man could ever tackle."

This testimony, as will be seen, was amply sufficient to justify the finding of the court, independently of the evidence alleged to be incompetent, admitted by the court. It is true there was a conflict in the evidence as to the amount and value of the work done in the tunnel within the limits of the Dave and Faust lodes, but we are unable to say that there was a preponderance of the evidence against the findings of the court. Randall v. Burk Twp., 4 S. D. 337, 57 N. W. 4. The incompetent evidence alleged to have been admitted was to the effect

that a tunnel was run by the Boston & South Dakota Company across the Gustin lode, a patented mining claim, without the consent of its owner, the purchase of an air compressor at an expense of $2,000 used in excavating said tunnel run by said company, and the employment of watchmen at its mill by said company. There being sufficient evidence, therefore, to support the findings of the court, independently of the alleged incompetent evidence admitted, we do not deem it necessary to consider or discuss the question as to whether or not the alleged incompetent evidence was or was not admissible.

The appellant seems to contend that inasmuch as the work was done by the Boston & South Dakota Company, which did not show any title to the Dave and Faust lodes, therefore the defendant cannot avail himself of the benefit of the said work, but in our opinion this contention is untenable. The superintendent of the Boston & South Dakota Company had a contract with the defendant for the purchase of the Dave and Faust lodes. It is true, it was not shown that the superintendent had assigned the contract to the Boston & South Dakota Company, but it is quite apparent that, inasmuch as the money for the work done upon the Dave and Faust lodes was furnished by the Boston & South Dakota Company, the superintendent held the contract in trust for that company. The work, therefore, done by the Boston & South Dakota Company under the contract above referred to, inured to the benefit of the defendant, as it was not only the right of the Boston & South Dakota to do the assessment work, but, being in possession under this contract, it was its duty to do the work in order to preserve the defendant's right to the property.

Finding no error in the record, the judgment of the circuit court is affirmed.