## VAN WAGENEN v. CHLADEK.

A defendant who set up a counterclaim, and at the close of plaintiff's case did not introduce evidence, but requested an instruction that the jury return a verdict for plaintiff for nominal damages only, cannot upon the granting of his request claim that the plaintiff is not entitled to have a nonsuit because that would prevent the adjudication of his counterclaim.

As Code Civ. Proc. §§ 300-308, provide in detail what shall be done to vacate a verdict, and section 3 of that Code declares that it

establishes the law of this state, a plaintiff, after verdict has been had, cannot then take a nonsuit, either as a matter of right or with the permission of the trial court.

Where a cause was not tried on the merits and a verdict was had, a motion for judgment on the verdict should be sustained, leaving the question of res adjudicata to be determined when that judgment is pleaded in bar.

In an action by a tenant for damages for being forcibly ejected from certain real property, the jury was impaneled and sworn and the tenant presented his evidence. Defendant's requested charge that the tenant be limited to nominal damages was granted. **Held,** that the trial was on the merits, even though some of the plaintiff's evidence was excluded, and that, after a verdict for nominal damages, the defendant could not take a nonsuit, for the verdict established both his right and the amount of his recovery.

(Opinion filed May 31, 1911.)

Appeal from Circuit Court, Bon Homme County. Hon. R. B. Tripp, *Judge*.

Action by Louis Chladek against Frank Van Wagenen. From an order sustaining plaintiff's motion to dismiss the action without prejudice after a verdict against him, defendant appeals. Reversed and remanded, with directions.

*Elliott & Stilwell,* for appellant.

A verdict of a jury for defendant, though the court omit to render judgment on it, may be pleaded in bar of another action on the same cause. Kane v. Dulex, 3 E. D. Smith, 127. A verdict of a jury, when the time has passed in which the court has power to set it aside, is an adjudication of the facts at issue in the case, and may be pleaded in bar, though no judgment has been entered upon it. Hume v. Schintz, 90 Tex. 72, 36 S. W. 429. The right of a plaintiff to suffer a non-suit, on the trial of a case, terminates with the answer of the foreman of the jury to the question of the clerk as to whether they have agreed. Kates v. Lewis, 2 Clark, 53, 3 Pa. Law, 269; Ex parte Carter, 1 Phila. 507; Herrick v. Niesz, 47 Pac. 414. The plaintiff has no right to a non-suit after verdict, either at common law or by statute. Walker v. Heller, 56 Ind. 298; Randles v. Randles, 63 Ind. 93; Reed v. Reed, 39 Me. Appels, 473; Masterson v. McKelvey, 21 S. W. 1005; Merchants Bank v. Rawles, 50 Am. Dec. 394.

*W. H. Rodden* and *C. H. Dillon,* for respondent.

The question of substantial damages was not in fact submitted and the court was clearly right in permitting the dismissal on the two motions, because the case has not been determined on the merits. Taylor v. Neys, 11 S. D. 609; Delany v. Reed, 4 Ia. 292; Carver v. Christian, 26 N. W. 8; Andrews v. School Dist., 27 Id., 303; Wheeler v. Ruckman, 51 N. Y. 391; Place v. Hayward, 117 Id., 487, 23 N. E. 25; Jones v. Underwood, 35 Barb. 211; Gunner v. Trustees, 6 N. W. 885; Lindvall v. Woods, 47 Fed. 195; Kester v. Schuldt, 85 Pac. 947.

HANEY, J. This is an action by a lessee to recover of his lessor triple damages for forcibly ejecting and excluding him from the possession of certain real property. All the allegations of the complaint were denied except the execution of the lease, and defendant pleaded three counterclaims, one for unpaid rent and two for injuries to the leased premises. Plaintiff replied to the counterclaims with a general denial. On the trial plaintiff having introduced evidence and rested, the defendant, without offering any evidence, requested the court to instruct the jury to return a verdict in favor of the plaintiff for nominal damages only, which request was granted, and a verdict was returned and entered wherein the jury found "in favor of the plaintiff on the issues in this case," and assessed "his damages at the nominal sum of $2.00." Subsequently plaintiff made application for a new trial on the ground of errors in law occurring at the trial, specifying certain rulings relating to the rejection of evidence offered to prove the extent of plaintiff's damage and the instructions given by the court, which application was denied. Thereafter the plaintiff moved the court to enter a judgment dismissing the action without prejudice, and defendant moved for judgment on the verdict. Plaintiff's motion was granted, defendant's was overruled, and the latter appealed.

[1] As no evidence was offered by the defendant and he conceded by his request for the instructions given that plaintiff was entitled to the verdict returned, he is not in position to assert that the action should have been retained for the purpose of having his alleged counterclaims adjudicated.

[2] So the precise question is whether a plaintiff may as a matter of right, or in the discretion of the trial court, have a non-

suit or dismissal without prejudice after a verdict has been entered and an application for a new trial has been refused; no formal judgment having been entered on the verdict: In other words, whether an entered verdict may be vacated in any manner other than that prescribed by the code of civil procedure. If the action taken in this instance was authorized, a trial court may in any case in its discretion grant a new trial after the statutory method of procedure has been exhausted—a conclusion which should not be accepted in absence of cogent reasons. Our Code of Civil Procedure, so far as we are aware, is silent as to when an action may be withdrawn without prejudice. It does, however, provide in detail what shall be done to vacate a verdict. Rev. Code Civ. Pro. §§300-308. It "establishes the law of this state respecting the subjects to which it relates." Id. § 3. The method of procedure therein prescribed clearly excludes the method pursued by the trial court in this case. "Under the earlier English decisions plaintiff might become nonsuit even after verdict if dissatisfied with the damages awarded by the jury. But the rule was changed by 2 Hen. IV., c. 7, providing that 'after verdict a plaintiff shall not be nonsuit." The English rule before the enactment of the statute mentioned was followed in one early decision in this country, but so far as the books show no other American courts have permitted a nonsuit after verdict." 14 Cyc. 400. It is true this court has said: "The plaintiff may dismiss his action at any time before judgment, unless a counterclaim has been interposed or the rights of the defendant would be specially prejudiced by dismissal." Cooke v. McQuarters, 19 S. D. 365, 103 N. W. 386. So far as this language may seem to imply that any action may, in the discretion of the trial court, be dismissed without prejudice at any time before a formal judgment is entered, it is misleading, and must be qualified. It was employed in a case, where a demurrer to the complaint having been sustained, defendant moved for judgment upon plaintiff's failure to amend. The effect of a verdict was neither involved nor considered. So neither the statutes of this state nor the rules of practice anywhere permit a nonsuit after a verdict has been entered.

[3] The contention that this rule is not applicable to the case at bar, for the reason that plaintiff's cause of action was not tried on the merits, is clearly untenable. Assuming the cause was not so tried, the court should have sustained defendant's motion for judgment on the verdict, leaving the question of res adjudicata to be determined when such judgment was pleaded in bar of another action on the same claim or demand.

[4] But the trial was on the merits. Issue was joined. A jury was impaneled and sworn, and plaintiff offered such evidence as was attainable or deemed by him sufficient to support his claim for damages. The jury under presumably correct instructions determined that there had been an invasion of the plaintiff's rights, but that he was entitled to recover only nominal damages. The adjudication was as complete and conclusive as it would have been if the jury had returned a verdict for a substantial amount or had found in favor of the defendant. The present case is clearly distinguishable from that of Taylor v. Neys, 11 S. D. 605, 79 N. W. 998. In that case a former judgment was held insufficient to preclude a second action on the same claim or demand because the former action had been dismissed on the ground that it was prematurely brought. No other issue was determined by the verdict. In the case at bar the issue as to whether the plaintiff had been ejected and excluded from the leased premises and the issue as to the extent of the injury caused thereby were considered and determined. Every issue presented by the pleadings as to plaintiff's alleged cause of action was determined on the merits—determined after consideration of all the evidence offered by the plaintiff and received by the court. Exclusion of offered evidence does not in itself prevent a trial on the merits. If it did, no issue of fact could ever be finally determined. Plaintiff established his cause of action, but failed to prove all the damages he deemed himself entitled to recover. If his failure resulted from erroneous rulings, rejecting part of his evidence, he should have relied on his exceptions and taken an appeal. If his failure to prove more than nominal damages was caused by accident or surprise which ordinary prudence could not guard against, such accident or surprise should have been designated as a ground of his application

for a new trial. Rev. Code Civ. Proc. § 301. This motion to dismiss without prejudice should have been made when defendant's request for instructions was granted, if he did not intend to rely on the record as it then stood. Having allowed, a verdict to be entered which determined the extent of his recovery, the trial court was not authorized to vacate the same by a dismissal without prejudice.

Its judgment is reversed, with directions to sustain defendant's motion and enter judgment accordingly.

SMITH, P. J., taking no part in the decision.