## ERVIN WILSON v. RALPH ANDERSON AND ANOTHER. RALPH ANDERSON, APPELLANT.[1]

### March 26, 1920.

### No. 21,674.

**Substitution of personal representative as plaintiff.**

1. In an action for injury by wrongful act, commenced by the injured person, where a verdict was returned in favor of the defendant and a motion for a new trial made, but not finally disposed of during his life, his personal representative may be substituted as plaintiff as a matter of course, under section 8175, G. S. 1913.

**No dismissal of action after verdict in absence of statute.**

2. A dismissal of an action may not be had after verdict in favor of defendant, either as a matter of right or by permission of the court, in the absence of a statute to that effect.

Action in the district court for Blue Earth county to recover $20,350 for personal injuries. The case was tried before Comstock, J., who at the close of the testimony denied separate motions by defendants for a directed verdict, and a jury which returned separate verdicts in favor of defendants. From an order substituting Elizabeth Wilson, administratrix, as plaintiff, and authorizing the substituted plaintiff to dismiss the cause, defendant Anderson appealed. Reversed.

*S. S. Smith, H. J. & J. W. Schmitt* and *H. W. Volk,* for appellant.
*S. B. Wilson,* for respondent.

QUINN, J.

This action was brought by the plaintiff Ervin Wilson, in the district court for Blue Earth county, to recover damages for personal injuries alleged to have been caused by the concurrent negligence of the defend-

[1] Reported in 177 N. W. 130.

ants while traveling upon a public highway in said county. The defendants answered separately by different counsel, denying the alleged negligence, and affirmatively alleged that plaintiff's injury was caused by his own negligence.

A trial of the issues resulted in a separate verdict for each of the defendants. Plaintiff then moved for a new trial, and later died from the injury which he had sustained. Thereafter counsel for the plaintiff and defendant Anderson entered into a stipulation withdrawing the motion for a new trial. The defendant Anderson then caused notice to be served upon counsel for plaintiff for the taxation of costs and disbursements. On September 5, pursuant to notice and an order to show cause, the district court made and filed an order as follows: "It is ordered that Elizabeth Wilson as the administratrix of the estate of Ervin Wilson, deceased, be and she is hereby substituted as plaintiff in the above entitled cause and she is authorized to dismiss the above entitled cause." From this order the defendant Anderson appeals.

The motion to substitute decedent's administratrix was made under the provisions of section 8175, G. S. 1913, which, in part, is as follows:

"Provided, that if an action for such injury shall have been commenced by such decedent, and not finally determined during his life, it may be continued by his personal representative for the benefit of the same persons and for recovery of the same damages as herein provided, and the court on motion may make an order, allowing such continuance, and directing pleadings to be made and issues framed conformably to the practice in action begun under this section."

Under the circumstances in this case decedent's representative was entitled, as a matter of course, to be substituted as plaintiff. There had been a verdict in favor of defendants. A motion for a new trial had been made, but had not been disposed of, at the time of the death of plaintiff. The attempt to withdraw the motion for a new trial subsequent to the death of the plaintiff was unavailing. The order of the trial court substituting decedent's representative as plaintiff was proper. When the administratrix was substituted as plaintiff in the action she had full authority to prosecute the case and dispose of the motion for a new trial in the usual course of proceedings.

Section 7825, G. S. 1913, provides how an action may be dismissed without a final determination of its merits, and abolishes all modes of dismissal, except as therein provided. The statute is silent as to a dismissal after verdict, and by the great weight of authority a dismissal, in the absence of a statute, may not be made after verdict, either as a matter of right or by permission of court. 14 Cyc. 400; 18 C. J. 1153; Van Wagenen v. Chladek, 27 S. D. 436, 131 N. W. 507, Ann. Cas. 1913D, 523. But upon the verdict being set aside or upon a reversal and order for a new trial, the cause stands for trial de novo, and a dismissal may be had under the statute the same as though no trial had been had.

The order appealed from is affirmed as to the substitution and reversed insofar as it attempts to authorize the dismissal of the action, and the cause is remanded for further proceedings.